No. 21467.

MICHAEL FELIX GALLEGOS *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(401 P.2d 613)

Decided May 3, 1965.

SHELDON W. GREENE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, Michael Felix Gallegos, hereinafter called Gallegos, was charged with possession of a narcotic drug, namely, marijuana. At the trial, he moved to suppress the introduction into evidence of the marijuana taken from his person on the grounds that it was obtained as a result of an unlawful search and seizure.

The trial court denied the motion to suppress and the defendant was convicted. From that judgment he brings writ of error here, relying solely on the ground that his motion to suppress the evidence should have been granted. The Attorney General points out that candor and intellectual honesty compels him to confess error and substantiates that conclusion with authority.

As the Attorney General points out, no disquisition on the law of search and seizure is necessary here. Suffice it to say, that the search which produced the marijuana could be held to be legal here only if it was incident to a valid arrest since the police had no

search warrant. See *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996; *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236. To be valid, of course, the arrest itself had to be based on probable cause. *Wilson v. People,* 156 Colo. 243, 398 P.2d 35; *Rios v. United States,* 364 U.S. 253, 80 S. Ct. 1431, 4 L. Ed.2d 1688.

Does the record here reflect probable cause for the arrest of Gallegos? At the trial the police officers testified that they saw Gallegos standing with another person in an alley in downtown Denver on the evening of May 3, 1963. One of the officers called to the men, who first approached the officers, then turned and ran the other way. One of the police officers then shouted, "Halt, or I'll shoot." Gallegos halted and was thereupon searched and the marijuana found in his shirt.

The officers testified that they had no reason to believe Gallegos had any marijuana in his possession, nor did they have information that any crime had been committed in the area by anyone resembling Gallegos or that any crime was in the process of being committed. They had never seen Gallegos before, had no knowledge of any prior criminal record and only had a suspicion that he might be engaged in possible criminal activity.

■ "Probable cause" was defined as early as 1897 in *Stacey v. Emery,* 97 U.S. 642, 645, 24 L. Ed. 1035, as a reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant a cautious man to believe that an offense has been or is being committed by the person arrested. See also, *Gonzales v. People, supra.* Vague suspicion does not rise to the dignity of probable cause. The police officers, when they arrested Gallegos, if their actions can even be characterized as an arrest, had no idea of what the charge was for which they were arresting him, and the fact that marijuana was found in the illegal search does not make such arrest valid. We agree with counsel for Gallegos and the Attorney General that the evidence here does not support a finding of reasonable or probable cause for the

arrest of Gallegos. *Beck v. People*, 379 U.S. 89, 85 S. Ct. 223, 13 L. Ed.2d 142; *United States v. Di Re*, 332 U.S. 581, 68 S. Ct. 222, 92 L. Ed. 210; *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 441.

The judgment is reversed.