## PEOPLE *v.* OTT.

1. CRIMINAL LAW—EVIDENCE—PISTOL.
   A pistol found under the front seat of a car stopped at 4 a.m. for having a defective muffler is admissible in evidence in prosecution for carrying pistol in a vehicle irrespective of the reasonableness of the search of the vehicle which turned up the pistol (Const 1963, art 1, § 11; CL 1948, § 750.227).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 411 *et seq.*
  Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure, 50 ALR2d 531.

2. SAME—BURGLARY TOOLS—ADMISSIBILITY—SEARCH.

    Screwdrivers, crowbar, bent butter knife, and flashlight adapted for use in the commission of a burglary *held*, properly admitted in evidence in a prosecution for carrying pistol and for possession of burglary tools, where police officer stopped the automobile in which they were being carried by defendant for having a defective muffler and then observed the items in the car, at about 4 a.m. in an area in which the officer knew that several recent burglaries had been committed (CL 1948, §§ 750.116, 750.227).

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 April 4, 1967, at Lansing. (Docket No. 2,509.) Decided June 27, 1967. Leave to appeal denied September 3, 1968. See 381 Mich 773.

Lloyd Ott, Jr., was convicted of carrying a pistol in a vehicle and possession of burglary tools. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney and *Robert W. Leutheuser,* Chief Appellate Counsel, for the people.

*James D. Wines,* for defendant.

QUINN, P. J. June 14, 1966, defendant was convicted by jury verdict of carrying concealed weapons contrary to CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424) and of possession of burglary tools contrary to CL 1948, § 750.116 (Stat Ann 1962 Rev § 28.311). July 20, 1966, he was sentenced to concurrent terms of 4 to 5 and 4 to 10 years on such convictions.

The sole question raised by this appeal relates to the admission in evidence of a gun, certain tools and a flashlight taken from defendant's car when he was stopped for a traffic violation. Defendant

made timely motion to suppress such evidence on the basis of illegal search, but the motion was denied.

About 4 a.m. on March 24, 1966, an Oak Park police officer stopped defendant for driving a motor vehicle with a defective muffler. This occurred in an area where several recent burglaries had been committed. When the officer shined his flashlight in the vehicle, he observed furtive action of a passenger with reference to a paper sack between his knees, a small crowbar and a hand lantern with the lens taped so only about a square inch was exposed, on the front seat, and several screwdrivers on the floor. The officer testified he knew hand lanterns so taped were used in burglaries. On request, a passenger in the vehicle opened the door, and when the officer bent down to pick up the screwdrivers, he saw a butter knife with a bent end and a revolver. The officer testified the butter knife was useful in sliding a lock on a door, and that neither defendant nor his passenger had a license to carry the gun.

With respect to the gun, we hold it was admissible on authority of *People* v. *Monroe* (1966), 3 Mich App 165, irrespective of the reasonableness of the search.

The tools and flashlight were admissible under *People* v. *Kuntze* (1963), 371 Mich 419. The officer stopped the car lawfully and then observed the items useful in burglaries. These facts coupled with the time of night and the officer's knowledge of the area we find sufficient to justify the search, seizure, and admissibility of the tools and flashlight.

Affirmed.

McGREGOR and A. C. MILLER, JJ., concurred.