UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard L. SELF and Robert M. Straine,
Defendants-Appellants.

Nos. 226-68, 227-68.

United States Court of Appeals
Tenth Circuit.

May 14, 1969.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., on the brief), for plaintiff-appellee.

Joseph Warner, III, Albuquerque, N. M. (J. Stephen Gammill, Albuquerque, N. M., on the brief) for defendants-appellants.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellants Self and Straine guilty of the interstate transportation of a stolen automobile in violation of 18 U.S.C. § 2312 and they appeal from the judgment imposing sentence. The thrust of their argument is that the exploitation by a state police officer of an unlawful arrest led to the evidence of their possession of a stolen vehicle and that such evidence is inadmissible under the "fruit of the poisonous tree" doctrine of Wong Sun v. United States, 371 U.S. 471, 487–488, 83 S.Ct. 407, 9 L.Ed. 2d 441.

About 9 A.M. on April 13, 1968, a veteran police officer, DeArmond, on coming out of a store in a Gallup, New Mexico, shopping center saw the defendants drive up to the parking area in a Corvette automobile bearing a California license. They quickly left the car and walked to the rear or service area of the stores. The officer, who was in plain clothes, drove his car to a point where he could observe them. A number of cars were parked behind the stores. One defendant walked along the sidewalk in front of the cars, which were parked at an angle, and the other in the back of the cars. They looked at the license plates and into the windows of the cars. The officer noted that they were strangers in town and that one had a military jacket with the insignia removed. After they had looked at several cars, he drove up, got out of his car, identified himself and asked what they were doing. Self replied that they were taking a walk. The officer asked them about the Corvette and Self said it belonged to his brother. At the request of the officer the defendants, without objection, entered the police car, and the officer drove back to the Corvette. En route he radioed for assistance and two other officers arrived in a few moments. When they reached the Corvette, DeArmond asked Straine, who had driven the car when DeArmond first saw it, for his driver's license, and Straine produced it. DeArmond asked for the car registration and Self replied that he did not have it but thought it was in the car. DeArmond opened the car door and saw there was nothing on the steering post. One of the defendants suggested that the registration might be in the glove compartment but did not offer to look there for it. The officers did not open the glove compartment. They did take note of the California license plate. One of the officers made a radio request for a license check on the Corvette.

The New Mexico statutes provide that a car registration must be exhibited on demand of a police officer, N.M.Stat. Ann. § 64–3–11, and that a violation is a misdemeanor, ibid. § 64–3–1. DeArmond said that he would write a citation for the registration defect and told the defendants that they would have to go to the police station to check the registration. Shortly after they arrived at the station, word was received that the car was stolen. The defendants were then placed under arrest.

A defense motion to dismiss the indictment was treated as a motion to suppress evidence and a hearing was held at which the defendants each testified. On conflicting evidence the trial court

found that the defendants were not told that they were under arrest until they arrived at the police station; that no arrest occurred prior to that time; and that the defendants willingly complied with the detective's request that they accompany him. The motion to suppress was denied. At the trial, the defendants offered no evidence.

■ The finding that the arrest did not occur until the defendants were at the police station is sustained by substantial evidence. Probable cause existed for that arrest because the car had then been identified as stolen. The argument of the defendants is that the actions of officer DeArmond at the shopping center constituted an arrest without probable cause; that an illegal search of the Corvette was made; and that the restraint placed upon them while the car was checked was illegal and foreclosed the use of evidence that the car was stolen.

■■ If the opening of the car door and observation of the steering post was a search, it was reasonable action in the circumstances presented. In any event, the point is of no avail because at the trial there was no testimony of the opening of the door, of any search, or of the fruits of any search. The defendants have nothing to complain about in this regard. Cotton v. United States, 9 Cir., 371 F.2d 385, 391. The observation of the license number was not a search because the officer "merely saw what was placed before him in full view." Ker v. California, 374 U.S. 23, 43, 83 S.Ct. 1623, 1635, 10 L.Ed.2d 726, and Trujillo v. United States, 10 Cir., 294 F.2d 583.

■ When an officer is engaged in a routine police investigation he may detain a person briefly in circumstances not justifying an arrest. Wilson v. Porter, 9 Cir., 361 F.2d 412, 415. See also Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889, and Sablowski v. United States, 10 Cir., 403 F.2d 347, 349. In this case officer DeArmond was reasonably investigating the suspicious behavior of the defendants and the fact that they willingly accompanied him to the parking lot does not show that an arrest occurred. At the parking lot the defendants were unable to produce the car registration and the officer said he would cite them for the violation of the pertinent New Mexico statute. The officer's request that the defendants go with him to the station while the car could be checked out was reasonable and the defendants did so without objection.

This is not a case like Simpson v. United States, 10 Cir., 346 F.2d 291, where there was a purported arrest for investigation and a search remote from the place of arrest at a later date. The defendants rely on United States v. Ruffin, 7 Cir., 389 F.2d 76. In that case there was an unlawful arrest for investigation and the subsequent ascertainment that the car had been stolen. In the case at bar, the original detention was justified by the suspicious conduct of the defendants. The investigation quickly disclosed a traffic violation relating to vehicle registration. An officer immediately requested a license check. The subsequent report that the car was stolen was not the fruit of any improper conduct on the part of the police.

■ If it be deemed that the presence of the police made the trip to the station something other than a voluntary act, such fact does not destroy the admissibility of evidence obtained as the result of activities theretofore undertaken. There was no exploitation of evidence obtained as the result of any illegal action. Cf. Wong Sun v. United States, 371 U.S. 471, 487–488, 83 S.Ct. 407, 9 L.Ed.2d 441. Upon report that the car was stolen, a lawful arrest was promptly made. The officers properly carried out a legitimate investigative function which did not destroy the admissibility of the evidence obtained. See Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868. The trial court did not err in denying the motion to suppress.

Affirmed.