No. 24750.

THE PEOPLE OF THE STATE OF COLORADO $v.$
RALPH ARNOLD COLLMAN.
(471 P.2d 421)

Decided June 29, 1970.

ROBERT L. RUSSEL, for plaintiff-appellee.

KELVIN R. O'REILLY, Deputy State Public Defender, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE defendant-appellant, by motion filed in the trial court, sought to suppress certain evidence found in his possession after his arrest. His motion alleged that the evidence was seized as a result of an unconstitutional search because of a lack of probable cause to make the arrest. After hearing, the trial court denied the motion on the grounds that the officers had probable cause to arrest the appellant and that the search which led to discovery of the evidence was incident to a lawful arrest.

The appellant urges reversal on the claim that the evidence before the trial court did not, as a matter of law, reveal that the officers had any probable cause to believe that the appellant had committed a crime, and therefore, his arrest was invalid. We do not agree and therefore affirm the trial court's judgment denying the motion to suppress.

During the trial court hearing, an officer of the Colorado Springs Police Department testified that on the evening of January 31, 1970, he and several other officers were in the process of searching a house in Colorado Springs for drugs and narcotics. The search was being made on the basis of a search warrant, the validity of which is not in question on this appeal. The officer testified that earlier the same day he had purchased marijuana at the residence as he had done on two prior occasions. He further testified that between the time the search of the residence was initiated and the arrival and arrest of the appellant, some forty persons had arrived, been arrested and searched. The search of those persons yielded "various instruments and narcotics."

The officer further testified that at approximately 10:05 p.m. two parties knocked on the back door of the residence. They were allowed to enter and were thereupon arrested and were told that they were under arrest for investigation of possession of dangerous drugs and narcotics. One of the parties arrested was appellant, and a search of his person yielded the evidence he seeks to suppress. Prior to the arrest of the appellant, the officers

had discovered in the residence approximately three to four pounds of marijuana, 300 to 400 tablets of suspected lysergic acid diethylamide (L.S.D.), 80 capsules of suspected mescaline, and eight to ten grams of hashish.

The only issue in this appeal is whether the officers had probable cause to arrest the appellant. If they did, the search and seizure was incident to a lawful arrest and suppression of the seized evidence was properly denied. In *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327, the United States Supreme Court stated that

" 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Brinegar v. United States, supra,* at 175. Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably truthworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. *Carroll v. United States,* 267 U.S. 132, 162."

See also *Falgout v. People,* 170 Colo. 32, 459 P.2d 572; *Martinez v. People,* 168 Colo. 314, 451 P.2d 293; *Lavato v. People,* 159 Colo. 223, 411 P.2d 328; *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236, *cert. denied,* 381 U.S. 945, 85 S.Ct. 1788, 14 L.Ed.2d 709.

In *Gonzales, supra,* we held that probable cause for arrest without a warrant exists where facts and circumstances which are within officers' knowledge, and of which officers have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that a criminal offense has been or is being committed.

The substance of all definitions of probable cause is a reasonable ground for belief of guilt. *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed.

1879. But the quantum or quality of evidence needed to show probable cause for an arrest is different from that required to sustain a conviction of a violation of a substantive offense. *Sanchez v. United States,* 311 F.2d 327, *cert. denied,* 373 U.S. 949, 83 S.Ct. 1678, 10 L.Ed.2d 704. In determining what constitutes probable cause for an arrest, the surrounding facts and circumstances within the knowledge of the arresting officer, which are indicative of the commission of a crime, are most significent. When an arrest is made by a police officer, his actions should not be measured by what might or might not be probable cause to an untrained civilian. They should be measured by the standard appropriate for a reasonable, cautious, and prudent police officer engaged in a narcotics investigation. *State v. Poe,* 74 Wash. 2d 425, 445 P.2d 196. The standard must be that of "a reasonable, cautious and prudent police officer" and must be judged in light of his training and experience. *Bell v. United States,* 254 F.2d 82, *cert. denied,* 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113.

The consolidated cases of *Wyche v. United States* and *Thorpe v. United States,* 193 F.2d 703, *cert. denied,* 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702, involve facts which are strikingly similar to the instant facts. In those cases, the appellants were charged with carrying on and promoting an illegal numbers game. After three days of surveillance, officers sought and the judge issued, a search warrant. Upon a search of the premises, the officers found evidence of numbers activities and arrested all persons then present, including Thorpe, as well as those who entered the premises while the search was in progress, including Wyche. The appellants argued that certain evidence should have been suppressed in the district court. The court of appeals answered that contention in the negative and went on to say that:

"When the officers entered the premises and observed the situation, they were fully justified by the force of surrounding circumstances to feel there was ample

probable cause to arrest all persons present, including appellant Thorpe, and also to arrest appellant Wyche *upon his entrance.* The premises were a secret rendezvous or hideout for illegal activities, and *the officers were justified in inferring that all who were present or who entered the room at that time of day* were probably participants in the operation of the numbers game. . . ." [Emphasis added.]

█ We believe that under the circumstances and facts shown here where officers had previously purchased drugs on the premises and when executing a search warrant found a store of drugs on the premises, the officers involved had ample probable cause and reasonable grounds to believe appellant was committing a violation of the laws of the State of Colorado at the time they arrested him, after he sought entrance through the back door of these premises. The arrest was therefore lawful, and the subsequent search and seizure, having been made incident to that lawful arrest, were likewise valid.

Judgment affirmed.