No. 24879.

THE PEOPLE OF THE STATE OF COLORADO *v.*
RICHARD A. LUJAN.
(475 P.2d 700)

Decided October 26, 1970.

HAROLD J. HEAFER, Chief Deputy District Attorney, for plaintiff-appellee.

ROLLIE ROGERS, State Public Defender, HAROLD A. HADDON, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS interlocutory appeal is brought pursuant to C.A.R.

4.1. Defendant-appellant, hereinafter referred to as defendant, seeks our review of an adverse ruling in the trial court on his motion to suppress evidence he alleges was illegally obtained.

On June 7, 1970, agents of the Lakewood Department of Public Safety obtained a warrant to search the premises for narcotics at a chicken coop converted into housing quarters. They arrived at night, and due to circumstances not related to this appeal, were still there in the early morning hours. As a result of this search, the officers found some drugs and some paraphernalia connected with the manufacture and sale of drugs. While the officers were conducting their search, and at approximately 2:00 a.m., a car in which defendant was riding drove up to within a car's length of the house and turned off its lights. Before defendant had gotten out of the car, agents Johnson and Grubb had come out of the house and approached the car. They ordered defendant out of the car, made a cursory search of his person for weapons and contraband, and on finding neither, led him and his female companions into the house. While in the house, one of the agents noticed a needle showing above defendant's breast pocket. The needle was seized, and upon analysis, its contents proved to be a dangerous drug.

Defendant raises four contentions of error, namely: (1) that the arrest took place prior to the discovery of the contraband, (2) that there was no probable cause for this arrest, (3) the arrest and search cannot be justified under either the "plain view" rule or the "stop and frisk" rule, and (4) the arrest, search and seizure were not incident to the search warrant used in this case. We agree with contention number 1, but since we disagree with contention number 2, we affirm the ruling. Under this posture of the case, there is no purpose in discussing points 3 and 4.

█ Defendant's first contention of error is that the contraband needle was discovered after he was placed under arrest. We agree the arrest took place prior to the

discovery of the needle in question, but disagree with the second contention that the agents had no probable cause for this arrest. In *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, the United States Supreme Court stated that:

" 'In dealing with probable cause, * * * as the very name implies we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Brinegar v. United States, supra,* [338 U.S. 160] at 175 [69 S.Ct. 1302, 93 L.Ed. 1879]. Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonable truthworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. *Carroll v. United States,* 267 U.S. 13, 162, 45 S.Ct. 280, 288 [69 L.Ed. 543]."

For a case showing our complete agreement with this reasoning, see *People v. Collman,* 172 Colo. 238, 471 P.2d 421, and cases cited therein. *See also Wyche v. United States and Thorpe v. United States,* 90 U.S. App. D.C. 67, 193 F.2d 703, *cert. denied,* 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702, where persons entering a house during a search in which gambling paraphernalia was discovered were held to be validly arrested upon probable cause.

■ Where, as here, police agents are conducting a search by warrant for narcotics in the early morning hours in a place where they have reasonable grounds to believe drug traffic is carried on; they in fact do find drugs and paraphernalia used in drug traffic; a person drives up at 2:00 a.m., parks his car and turns off his lights, all in close proximity to the premises being searched; there is certainly probable cause to believe that that person was a participant in the drug traffic. In fact, under these conditions, the police officers would have been derelict in their duty had they not confronted the defendant. Clearly, all the surrounding facts and

circumstances within the knowledge of the arresting officers, when measured by the standard appropriate for a reasonable, cautious and prudent officer engaged in a narcotics investigation, indicate that there was probable cause for an arrest.

We also conclude that under the circumstances — the search warrant did warn that weapons might be involved, as well as listing certain items of contraband sought to be seized — it was proper for the agents to make their cursory search for weapons and contraband at once. The fact that they found nothing during the cursory search does not mean they were prohibited from taking the defendant inside the house to make a second and more complete search. There is some conflict in the evidence as to whether the needle was in plain view or whether it was discovered as a result of the second search. However, since we have found that the arrest was based upon probable cause, the resolution of this conflict in the evidence makes no difference. As we have repeatedly held, the search of a person conducted as an incident to a valid arrest does not violate the provisions of the Fourth Amendment to the United States Constitution or the provisions relating to search and seizure contained in the Colorado constitution. Evidence obtained as a result of such a search is admissible in evidence even though no warrant has been issued for the search.

The ruling is affirmed.

MR. JUSTICE HODGES not participating.