No. 25027.

THE PEOPLE OF THE STATE OF COLORADO *v.*
WILLIAM M. HENDERSON, II
(487 P.2d 1108)

Decided August 16, 1971.

Stanley F. Johnson, District Attorney, Robert M. Jenkins, Deputy, for plaintiff-appellee.

Blewitt, Bisbee & Geil, Dennis L. Blewitt, for defendant-appellant.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

This interlocutory appeal was initiated by the defendant, William M. Henderson, after his motion to suppress evidence was denied by the District Court of Boulder County. The evidence in issue was seized as a result of a warrantless search of the defendant's car after the defendant was arrested without a warrant.

A chronological statement of the facts preceding the arrest and seizure of evidence provides us with a proper foundation for the application of well-established search

and seizure law. On July 16, 1970, undercover agents of the Federal Bureau of Narcotics and Dangerous Drugs were taken to a cabin west of Boulder for the purpose of buying sixty pounds of marijuana. Soon after arriving at the cabin, the undercover agents were supplied with ten pounds of marijuana and were told that an additional fifty pounds of marijuana was then on its way by automobile and would arrive shortly. Minutes later, a Mercedes Benz automobile entered the driveway in front of the cabin. One of the suspects, while getting out of the car, recognized one of the narcotics agents and gave the alarm to the occupants of the cabin. Most of the individuals in the cabin and all of those in the Mercedes Benz fled into the woods that adjoined the cabin. Within a few minutes, all but one of the suspects were captured and returned to the cabin. The suspects were immediately arrested and advised of their rights, and arrangements were made to transport the suspects to detention facilities. Approximately thirty to forty-five minutes later, while everyone was still in the cabin, a second car arrived. Its occupants were also arrested, and both the occupants and the automobile were searched. No evidence of narcotic drugs was found. Thereafter, two more vehicles arrived at separate times, and again, both the passengers and the vehicles were searched. Search of the defendant's vehicle, which was the third automobile to arrive at the cabin, resulted in the seizure of a small quantity of marijuana that is the basis for charging the defendant, Henderson, with a narcotics violation. A later search of the Mercedes Benz, which was the first car to arrive, produced the sought-after shipment of fifty pounds of marijuana.

The defendant contends that his motion to suppress evidence should have been granted, because the police officers did not have probable cause to believe the shipment of marijuana was in his vehicle. Moreover, he argues that the search of his automobile without a warrant was in violation of his Fourth Amendment rights.

Since this case contains facts establishing exigent circumstances which would require the police officers to either seize the vehicle and hold it until a search warrant could be obtained or search it without a warrant, *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), supports the conclusion that given probable cause a warrantless search was permissible. *See also, Coolidge v. New Hampshire*, 39 U.S.L.W. 4795 (U.S. June 21, 1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. Consequently, the decisive question is whether the police officers had probable cause to search the defendant's vehicle.

The District Attorney contends that the order in which the vehicles were searched is crucial to this case and supports the search. He urges us to hold there was probable cause to search the defendant's vehicle, because at the time of the search, the shipment of marijuana had not yet been discovered. In view of the factual sequence of the events which preceded the search, we find this argument unpersuasive. Clearly, the police officers had probable cause to search the Mercedes Benz automobile and no other. Facts sufficient to provide the police officers with probable cause to search the Mercedes Benz automobile include the arrival of the vehicle at the time the shipment of marijuana was to be delivered, the recognition of the car's occupants as traffickers in narcotics, and the flight of the occupants upon recognition of one of the purchasers as an undercover agent. Confronted with these facts, no reasonable man could believe that the shipment of marijuana was likely to be found in the defendant's vehicle, which arrived long after the aforementioned events had occurred and after the search of another vehicle had proved fruitless.

As an alternative argument for upholding the search of the defendant's vehicle, the District Attorney cites *People v. Collman*, 172 Colo. 238, 471 P.2d 421 (1970), in which we upheld the arrest and search of an individual who entered premises being searched for narcotic drugs

pursuant to a warrant. The District Attorney contends the *Collman* case stands for the proposition that there would be probable cause to search all persons and vehicles arriving at the cabin site for an indeterminate period. We find this interpretation of the *Collman* case to be overly broad. In the *Collman* case, we were dealing with premises which were being utilized as a "secret rendezvous or hideout for illegal activities." Police officers had purchased drugs at the premises on several occasions and during the course of their investigation had observed numerous individuals enter and leave the premises in a clandestine manner through the rear door. Essential to our finding of probable cause therein was the defendant's surreptitious entry onto the premises at night through the rear door.

Similarly, in *People v. Lujan,* 173 Colo. 77, 475 P.2d 700 (1970), we upheld the warrantless arrest and search of a person who arrived under suspicious circumstances at a remote location where drug traffic was known to be carried on. There, we stated:

"Where, as here, police agents are conducting a search by warrant for narcotics in the early morning hours in a place where they have reasonable grounds to believe drug traffic is carried on; they in fact do find drugs and paraphernalia used in drug traffic; a person drives up at 2:00 a.m., parks his car and turns off his lights, all in close proximity to the premises being searched; there is certainly probable cause to believe that that person was a participant in drug traffic. . . . Clearly, all the surrounding circumstances within the knowledge of the arresting officers, when measured by the standard appropriate for a reasonable, cautious and prudent officer engaged in a narcotics investigation, indicate that there was probable cause for an arrest."

Here, none of the undercover officers had been to the cabin in question previously. Nor did they have any knowledge of prior narcotics transactions occurring at the cabin site. Without clear evidence that the cabin

was being used as a secret hideout for illegal purposes, the police officers did not have probable cause to believe that persons arriving at the cabin were participants in criminal activity and, more importantly, that they possessed or were engaged in the sale and delivery of narcotic drugs.

Contrary to the District Attorney's argument, we are of the opinion that this case is governed by *People v. Navran,* 174 Colo. 222, 483 P.2d 228 (1971), in which we held that the mere arrival of a person at a residence where a shipment of marijuana is to be delivered is insufficient to provide probable cause to believe that the person has committed a crime or that a search of his car will reveal the presence of narcotic drugs. Furthermore, we stated unequivocally in *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335 (1971), that mere association with guilty persons does not amount to probable cause to arrest. *See also, Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *United States v. DiRe,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *Gallegos v. People,* 157 Colo. 173, 401 P.2d 613 (1965); *Reece v. Commonwealth,* 437 Pa. 422, 263 A.2d 463 (1970).

We, therefore, conclude that the defendant's motion to suppress should have been granted. Accordingly, we reverse the ruling of the trial court and direct it to order that the evidence seized from the defendant's vehicle be suppressed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY dissenting.