No. 25191.

THE PEOPLE OF THE STATE OF COLORADO *v.* LEE GURULE.
(488 P.2d 889)

Decided September 20, 1971.

Jarvis W. Seccombe, District Attorney, Second Judicial District, Coleman M. Connolly, Deputy, Silvana Del Piccolo, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, Randolph M. Karsh, Deputy, for defendant-appellee.

*En Banc.*

Mr. Justice Lee delivered the opinion of the Court.

This is an interlocutory appeal by the People from an unfavorable ruling which granted defendant's motion to suppress evidence. We reverse the trial court's ruling.

The facts are clearly set forth in the trial court's findings, as follows:

"THE COURT: The Court is going to find, taking the evidence in the light most favorable to the State, that on the date of October 16, 1969, at approximately the hour of 3:10 A.M. in the morning, Officer[s] Frazzini and Ives were on 14th Avenue westbound. The Defendant was on 14th Avenue eastbound, and as the two cars passed Officer[s] Frazzini and Ives believed they recognized the Defendant from a Police Bulletin that they had seen some two months prior where the Defendant was wanted for an assault and battery and failure to appear.

"The officer made a U-turn, went after the Defendant's car, and turned on their red signal light and stopped the Defendant at 14th and Java Court. The police car was stopped behind the Defendant's vehicle.

"At that time Officer Frazzini approached the Defendant and identified himself as a police officer, and Officer Ives went to the opposite side of the Defendant's vehicle. Officer Frazzini asked the Defendant for identification and asked the Defendant to step to the police car so that the officer could run an identification check with the police bureau.

"That the Defendant stepped from the car and was placed into the custody of Ives and taken to the police car, that Officr Frazzini had ahold of the open door that the defendant alighted from while he was being removed to the police car, and Officer Frazzini noticed a kleenex box in front of the front seat and below the steering wheel on the driver's side, and he observed an opening in the Kleenex box and observed a plastic baggy containing a greeny-brownish substance together with wheatstraw paper.

"He removed the plastic baggy together with the wheatstraw paper and started back to the police car, and the Defendant broke and ran and was apprehended and was placed under arrest for having in his possession what was believed to be a narcotic drug, namely cannibus [sic]."

The court concluded that defendant was under arrest at the time he was stopped and ordered from his car to the police car for an identification check; that no probable cause to arrest then existed; that the seizure of the suspected marijuana was incident to an invalid arrest; and that the motion to suppress as a matter of law must be granted.

The People do not challenge the findings of the court, which were supported by substantial evidence. However, the People contend that the court misapplied the law. We agree and hold that the court erred in granting the motion to suppress.

 The court did not have the benefit of *Stone v. People,* 174 Colo. 504, 485 P.2d 495, wherein the matter of temporary detention for questioning was discussed. In

*Stone* the Court stated:

"In order lawfully to detain an individual for questioning, (1) the officer must have a reasonable suspicion that the individual has committed, or is about to commit, a crime; (2) the purpose of the detention must be reasonable; and (3) the character of the detention must be reasonable when considered in light of the purpose."

 True, under the circumstances of this case, probable cause for the arrest of the defendant did not exist at the time he was stopped and detained. The defendant was not in fact then believed to be engaged in criminal activity or about to engage in criminal activity, and no reasonable cause existed to so believe. However, as stated in *Stone, supra,* there is an area of proper police practice in which less than probable cause may still justify temporary detention for questioning. Such was the case here.

As measured by the *Stone* criteria, the officers by reason of the recent (two months old) police bulletin had cause to suspect that defendant had committed the offenses of assault and battery and failure to appear. Secondly, the purpose of the detention was to question the defendant as to his identification to determine if he was still wanted, certainly a reasonable purpose consistent with sound police procedures. And, lastly, the character of the detention, asking defendant for evidence of his identification and to remain in the police car while his identification check was made at headquarters, was reasonable when considered in light of the purpose of the detention.

 We hold that a person suspected of being wanted for violation of a law, by reason of a recent police bulletin so indicating, may be reasonably detained for questioning concerning his identification and for determining whether such person is still wanted at the time of the detention.

 The detention here being lawful, the "plain view" doctrine relating to contraband is applicable and seizure

of the suspected marijuana was reasonable and consistent with the requirements of the Fourth Amendment to the Constitution of the United States. *Harris v. United States,* 390 U.S. 234, 88 S. Ct. 992, 19 L.Ed.2d 1067; *People v. Baird,* 172 Colo. 122, 470 P.2d 20; *Marquez v. People,* 168 Colo. 219, 450 P.2d 349.

The ruling is reversed and the cause remanded for further proceedings consonant with the views announced herein.

MR. JUSTICE ERICKSEN dissenting.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent.

In my opinion, the defendant was placed under arrest without probable cause. The threshold question in every case is whether probable cause exists to make an arrest. We may have camouflaged this important consideration in *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971). The three-fold test enunciated by the Court in the *Stone* case does not grant the police a carte blanche right to arrest without probable cause.

Although the majority opinion characterizes the police action in this case as a stop, rather than an arrest, the well-reasoned decision in *McGee v. United States,* 270 A.2d 348 (D.C.App. 1970), clearly indicates that the defendant in this case had been placed under arrest. In the *McGee* case, a police officer stopped the defendant and, after obtaining his driver's license, asked him to step out of the car and into the custody of a fellow officer. In holding that McGee had been placed under arrest, the court said:

"An arrest occurs at the point in time when the officer has effectively restrained the defendant and he is cognizant of that restraint, not necessarily that point in time when the officer formally declares that the accused is under arrest. . . ."

Even though the mere stopping of a motorist may not constitute an arrest, an arrest occurs when a police officer causes a person to be deprived of his liberty and confined to a police car until an identification check can be made. *Accord, State v. Goodman,* 449 S.W.2d 656 (Mo.Sup.Ct. 1970); *Clements v. State,* 226 Ga. 66, 172 S.E.2d 600 (1970).

Likewise, there can be no question that the defendant in this case was arrested without probable cause. C.R.S. 1963, 39-2-20 provides that:

"An arrest may be made by an officer . . . without warrant, for a criminal offense committed in his presence; and by an officer when a criminal offense has in fact been committed and he has reasonable ground for believing that the person to be arrested has committed it." At the hearing on the motion to suppress, no evidence was presented to show that a criminal offense had been committed by the defendant in the officers' presence; nor was any evidence presented which showed that a criminal offense had in fact been committed at some other time and that the police officers had reasonable grounds for believing that the defendant had committed it. In fact, after a full hearing, the trial court concluded: (1) That there is no right to search unless there is probable cause to arrest and the only probable cause present herein was that two months prior to the event in question police officers had seen on a bulletin that defendant was wanted but there was no explanation as to how these bulletins work or whether they were changed from time to time; (2) There was no evidence that at the time defendant was stopped he was wanted by the police; (3) There was no evidence that at the time defendant was stopped he was asked for his identification but the evidence is clear from Frazzini's testimony that he asked defendant to alight from the car and step to the police car while an I.D. check was run; (4) At the time defendant was asked to alight from the car he was under arrest at a time in which there was no probable grounds

to arrest; (5) It was only upon defendant's removal from his automobile and being taken back to the police car that the greenish-brown substance was observed; (6) The court could only conclude that the search was not incident to a lawful arrest and that this was not a case of abandonment; (7) There was insufficient information to establish that defendant was either a burglary suspect or that he was a recent narcotics possessor.

In reversing the trial court, the majority opinion relies on *Stone v. People, supra,* after conceding that probable cause did not exist for an arrest. If *Stone* permits an arrest to be made without probable cause under the guise of interrogation, then I would conclude that we went too far when we created the *Stone* area.