## No. 24059

## Margaret Avalos v. The People of the State of Colorado
(498 P.2d 1141)

Decided June 26, 1972.

William F. Reynard, Peter H. Nye, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, John E. Bush, Assistant, for defendant in error.

Per Curiam

Margaret Avalos, hereinafter referred to as the "defendant," brings this writ of error seeking a reversal of her conviction for possession of a narcotic drug, namely, cannabis. C.R.S. 1963, 48-5-2. Although numerous specifications of error are asserted by the defendant, the only question worthy of consideration is whether the evidence which supported the conviction should have been suppressed because it was seized subsequent to an unlawful arrest without probable cause.

Prior to the defendant's arrest, she was stopped because the right tail light on her car was not functioning. Upon being asked to produce her operator's license, she told the policemen that her driver's license had expired. She was then asked to return with the officers to the police car so that they could determine whether her license had expired or had been suspended or revoked. This procedure was wholly proper and did not infringe upon any rights of the defendant. *See, Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971); *Sumrall v. United States,* 382 F.2d 651 (10th Cir. 1967); *Wilson v. Porter,* 361 F.2d 412 (9th Cir. 1966); *People v. Ott,* 7 Mich. App. 264, 151 N.W.2d 402 (1967).

While the officers were awaiting a report as to the status of the defendant's driver's license, one of the officers noticed a fresh needle mark on the defendant's right wrist. The needle mark was in plain view. The officer knew the defendant from past encounters and also had information from a reliable informer, as well as from a fellow officer, that the defendant was a narcotics user. Moreover, the background of the defendant as a narcotics user is not controverted. Under these circumstances, the officer clearly had probable cause to arrest the defendant. As we stated in *Stone v. People, supra:* "There is no question in our minds that the

observation of the fresh needle marks, together with the background information possessed by [the officer], constituted probable cause for the arrest."

Following the defendant's arrest, she was taken immediately to police headquarters, where a search of her purse revealed five hand-rolled marijuana cigarettes. The warrantless search of the defendant's purse and the seizure of the marijuana cigarettes may be upheld either as a search incident to arrest or as an inventory procedure conducted prior to incarceration. See *People v. Glaubman,* 175 Colo. 46, 485 P.2d 711 (1971), and the cases cited therein.

Accordingly, the judgment is affirmed.