No. 25412

**The People of the State of Colorado v. Bertha Marquez**
(516 P.2d 1134)

Decided November 26, 1973.    Rehearing denied December 17, 1973.

232

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, Paul A. Baca, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal from a conviction of possession of narcotic drugs contrary to C.R.S. 1963, 48-5-2, by the defendant, Bertha Marquez. The defendant alleges error in the trial court's denial of her motion to suppress the critical evidence. We find no error in the court's ruling and affirm.

The salient facts surrounding the search and seizure are as follows: In the evening of December 16, 1970, five officers

of the Denver Police Department were executing a search warrant for a house at 2453 Stout Street in Denver. The supporting affidavit stated that heroin was being used and sold on the premises.

During the search the officers found several balloons containing heroin debris, various narcotics paraphernalia including hypodermic needles, syringes and cotton sponges with fresh blood on them. While the officers were executing the search warrant, six other persons came to the house and were arrested. Two of the six were found to have heroin in their possession.

While the officers were still on the premises, the defendant came onto the front porch of the house. Sergeant Metros was stationed at the front door, and as defendant opened the screen door, Metros opened the front door and identified himself to the defendant. The defendant turned and started to leave, but was detained and requested to enter the house. Although the trial court concluded that this was an "arrest," we hold otherwise. Metros then observed that she was perspiring heavily, her skin was clammy; and she was scratching and yawning.

It appears that Metros then asked defendant to remove her coat and observed fresh needlemarks on her arms. At that point he placed her under arrest for illegal use of narcotics. He then searched her purse and discovered three capsules containing heroin which formed the basis for defendant's conviction.

▮ The defendant asserts that there was no probable cause to arrest her; therefore, the search incident thereto was invalid. We agree that the circumstances giving rise to the initial detention on the front porch did not constitute probable cause. *People v. Noreen,* 181 Colo. 327, 509 P.2d 313 (1973).

▮ However, as we said in *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971), there is an area of proper police procedure in which an officer having less than probable cause to arrest may temporarily detain an individual for limited purposes and not violate that person's Fourth Amendment

rights. *See People v. Gurule,* 175 Colo. 512, 488 P.2d 889 (1971); *People v. Avalos,* 179 Colo. 88, 498 P.2d 1141 (1972). *See also La Fave, "Street Encounters" and the Constitution: Terry, Sibron, Peters, and Beyond,* 67 Mich. L. Rev. 39 (1968).

■ In *Stone* we set out a three-pronged test as to the reasonableness of police detention for questioning:

"In order lawfully to detain an individual for questioning, (1) the officer must have a reasonable suspicion that the individual has committed or is about to commit a crime; (2) the purpose of the detention must be reasonable; and (3) the character of the detention must be reasonable when considered in light of the purpose." 174 Colo. 504, 509.

Here defendant's arrival at a place known to be frequented by heroin users, while not amounting to probable cause for an arrest, gives rise to a reasonable suspicion that justifies a limited detention to ascertain her identity and reasons for being at such place. Given the fact that a police search was in progress, it was reasonable to ask the defendant to step into the house. The initial detention here comes within the parameters of *Stone. See also United States v. Self,* 410 F.2d 984 (10th Cir. 1969); *United States v. Unverzagt,* 424 F.2d 396 (8th Cir. 1970).

■ During this initial *Stone* detention, Officer Metros observed what he knew to be symptoms of narcotics withdrawal. He also asked defendant to remove her coat and observed fresh needle marks on her arms. At this point he clearly had probable cause to arrest defendant for narcotics use. *Stone v. People, supra. See also People v. Collman,* 172 Colo. 238, 471 P.2d 421 (1970). Thus, the arrest and the search incident thereto were supported by probable cause and were valid.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. Looking to *Stone v. People,* 174

Colo. 504, 485 P.2d 495 (1971), the majority have held that the defendant was lawfully detained when she abandoned her intent to enter a house after she was confronted by a police officer who was in the process of searching the house pursuant to a warrant. The defendant's arrest and the subsequent search are upheld because police officers testified that the defendant, after she was in custody, exhibited heroin withdrawal symptoms. In my opinion, this is not a *Stone* case.

The trial court found that the defendant was arrested on the front porch of the house. Nothing in the record suggests to me that the trial court was in error. In my view, this court must proceed on the premise that the defendant was, in fact, arrested on the porch when she attempted to leave. Therefore, the sole issue presented on this appeal is whether the police officer had probable cause to believe that the defendant committed a crime at the time the arrest occurred. The burden of showing that a warrantless arrest was supported by probable cause rests with the prosecution. *Mora v. People,* 178 Colo. 279, 496 P.2d 1045 (1972); *People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971); *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335 (1971); *People v. Ortega,* 173 Colo. 564, 481 P.2d 727 (1971); *People v. Valdez,* 173 Colo. 410, 480 P.2d 574 (1971). The only evidence which would tend to support a showing of probable cause arises out of the fact that the defendant appeared at a place where a police search was being conducted and attempted to depart when she became aware of the presence of the police. We have held on a number of occasions that similar facts do not establish probable cause. *People v. Navran,* 174 Colo. 222, 483 P.2d 228 (1971); *People v. Henderson,* 175 Colo. 400, 487 P.2d 1108 (1971); *People v. Bueno,* 173 Colo. 69, 475 P.2d 702 (1970); and *Gallegos v. People,* 157 Colo. 173, 401 P.2d 613 (1965). *See also People v. Nelson,* 172 Colo. 456, 474 P.2d 158 (1970), and *Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). The record is barren of other facts which would support a finding of probable cause. *See People v. Mac-*

*Donald,* 173 Colo. 470, 480 P.2d 555 (1971); *People v. Lujan,* 173 Colo. 77, 475 P.2d 700 (1971); and *People v. Collman,* 172 Colo. 238, 471 P.2d 421 (1970).

In the absence of probable cause to support the defendant's warrantless arrest, the arrest and the subsequent search of the defendant's person and possessions constituted a violation of her constitutional rights. The evidence which was obtained as a result of the unlawful scarch may not be introduced at trial. U.S. Const., amends. IV and XIV; *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In my view, the trial court erred in denying the defendant's motion to suppress the evidence and allowing the illegally obtained evidence to be presented to the jury to obtain a conviction.

Accordingly, the defendant's motion to suppress should have been granted, and the error requires reversal.

MR. JUSTICE DAY has authorized me to say that he joins me in this dissent.