No. 26524

**The People of the State of Colorado v. Cornelius J. Cruz**
(526 P.2d 1315)

Decided October 7, 1974.

Nolan L. Brown, District Attorney, Thomas G. Elliott, Deputy, for plaintiff-appellant.

Thomas H. May, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an appeal from an interlocutory ruling which granted defendant-appellee's motion to suppress from evidence a Sears, Roebuck credit card. It was the alleged unauthorized use of this credit card by Cruz which resulted in the filing of a two-count information charging him with second-degree forgery and criminal attempt in violation of 1971 Perm. Supp., C.R.S. 1963, 40-5-103 and 40-2-101.

The basis for Cruz' motion to suppress was that his warrantless arrest was without probable cause and the seizure of the credit card incident to the arrest violated his constitutional rights under the Fourth Amendment. We disagree with the trial court's ruling and therefore reverse.

During the evening of January 14, 1974, a man and woman purchased a portable color television set at the Sears, Roebuck & Co. Westland store in Lakewood. They produced a credit card in the name of Raymond Duke. The purchase was held up by the credit department for the reason that the address given by the customers differed from Raymond Duke's address as shown by the credit department records. The purchasers were told to pick up the TV set the following morning.

The next day, Mrs. Raymond Duke reported to Sears the theft of her purse which contained Raymond Duke's Sears

credit card. Later that morning, a man telephoned Sears concerning the TV set. He was advised he could pick it up and he stated he would come down and do so. The Lakewood police were then notified of the credit card theft and of the attempted purchase. Agents Muller and Janssen responded to the Sears store, where surveillance of its package pickup area was commenced.

After waiting for approximately forty-five minutes, during which only "one or two persons" came into that department, at about 11:30 a.m., Cruz appeared at the pickup area where he talked with a clerk. Agent Muller observed a Sears credit card in Cruz' hand, which he held below the edge of the service counter and at which he glanced during his conversation with the clerk. Cruz inquired concerning the location of a pay telephone. He left the store, followed by Agent Janssen. After looking up and down the street, Cruz re-entered the store. Agent Janssen then identified himself as a police officer and asked Cruz for his identification. Janssen then asked Cruz to return to the pickup area. Upon returning there, Cruz was observed attempting to push something under the counter with his right foot. Agent Janssen then discovered the Duke credit card on the floor underneath the counter. He retrieved the credit card and turned it over to Agent Muller.

Previously, while Cruz was temporarily out of the store, Agent Muller had inquired of the clerk concerning her conversation with Cruz. Muller was informed that Cruz had told the clerk he was there to pick up the package for Duke.

After examining the credit card, Agent Muller then announced to Cruz that he was under arrest and advised him of his rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694.

The trial court, in our view, misconceived the legal effect of the foregoing undisputed facts and mistakenly concluded that Cruz had been arrested at the time he re-entered the store and was confronted by Agent Janssen. We agree that at that point in time Janssen did not have probable cause to make an arrest.

In our opinion, the initial confrontation between

Janssen and Cruz was no more than a temporary detention in the nature of a field investigation, as is sanctioned by the following decisions: *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889; *People v. Stevens,* 183 Colo. 399, 517 P.2d 1336; *People v. Marquez,* 183 Colo. 231, 516 P.2d 1134; *Stone v. People,* 174 Colo. 504, 485 P.2d 495. In *Stone, supra,* standards were delineated which would justify a temporary detention for field investigation, as follows:

"* * * In order lawfully to detain an individual for questioning, (1) the officer must have a reasonable suspicion that the individual has committed, or is about to commit, a crime; (2) the purpose of the detention must be reasonable; and (3) the character of the detention must be reasonable when considered in light of the purpose."

Applying the tests to this case, we find Agent Janssen was aware of the following circumstances which in our view would raise a reasonable suspicion that Cruz committed or was about to commit a crime: a credit card had been stolen; an attempt had been made the night before to purchase a TV set by use of the stolen credit card; a man had called Sears earlier that morning concerning picking up the merchandise and, after being advised he could do so, announced that he would come down and pick up the TV; only one or two other persons had appeared at the pickup area prior to Cruz' coming in; he appeared with a credit card in his hand and had a discussion with the store clerk; Cruz then temporarily departed from the store, looking up and down the street; and he thereafter voluntarily re-entered the store.

In view of the foregoing, it cannot be said that the purpose of the temporary detention was unreasonable — that of determining whether Cruz was one of the parties to the theft of the credit card and the attempted fraudulent purchase of the TV set. The officers' duty in these circumstances demanded this field investigation.

Thirdly, the character of the detention was reasonable when considered in light of the purpose. No factor has been called to our attention which might lead to an opposite

conclusion. We note that Cruz was not prevented from leaving the store. He voluntarily re-entered and without hesitance complied with the officer's request.

As noted above, the facts and circumstances at this point in the sequence of events were insufficient to justify a finding of probable cause. The missing ingredient, however, was supplied when Cruz attempted to conceal the stolen credit card on the floor underneath the pickup area counter.

We hold that the warrantless arrest by Agent Muller was supported by probable cause. The motion to suppress should have been denied.

The ruling is reversed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent.

The majority errs in concluding that the facts of this case bring it within the "Stone area." Therefore, the trial court's disposition of the defendant's motion to suppress the credit card was proper.

In *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971), this court set forth three requirements which must be satisfied before temporary detention for purpose of questioning and identification can be deemed to be constitutionally permissible. Only the first test raises an issue on the facts of this case. To detain a person without probable cause, "the officer must have a reasonable suspicion that the individual has committed, or is about to commit, a crime."

Agent Janssen had no knowledge of any facts which would create a suspicion that Cruz had committed, or was about to commit, a crime. The elements listed by the majority do not create suspicion and are consistent with innocence. The officers knew only that a credit card had been stolen and that someone would appear to pick up the television set. The officer saw that Cruz had a credit card in his hand, a fact which is perfectly normal, considering that he was in the Sears store ostensibly to transact business. He also knew that

Cruz had related to the clerk that he was there to obtain the television set for Duke. Agent Janssen did not know whether Duke had ordered the set.

The action taken by the police does not fall within the exception enunciated in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), because nothing in the record would indicate that the stop was necessary to protect the officer, or to suggest even an inference that the defendant was armed and dangerous. *People v. Montoya,* 185 Colo. 299, 524 P.2d 76 (1974) (dissenting opinion); *People v. Stevens,* 183 Colo. 399, 517 P.2d 1336 (1973) (dissenting opinion); *People v. Gurule,* 175 Colo. 512, 488 P.2d 889 (1971) (dissenting opinion).

Accordingly, the motion to suppress was properly sustained.