570 P.2d 1299 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
William Cullen GRUBBS, Defendant-Appellant.
No. 75-737.
Colorado Court of Appeals, Division I.
June 23, 1977.
Rehearing Denied August 25, 1977.
Certiorari Denied November 15, 1977.
*1300 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Dorian E. Welch, Deputy State Public Defender, Denver, for defendant-appellant.
COYTE, Judge.
The defendant, William Cullen Grubbs, appeals the judgment of conviction on charges of aggravated robbery and conspiracy to commit aggravated robbery. We affirm the judgment.
On January 27, 1975, the defendant was removed from the State of Wyoming pursuant to the Agreement on Detainers, § 24-60-501, C.R.S.1973, to stand trial in Colorado for crimes charged by information. Following various delays, trial commenced on August 18, 1975.
At trial, the People presented testimony to establish the following sequence of events. In August 1974, two armed men entered the offices of the Fort Collins Holiday Inn, forced the night auditor to surrender *1301 approximately $1,500 in currency and certain blank traveler's checks, and fled from the premises. The auditor described the clothing worn by his assailants and testified that he was bound with adhesive tape, ordered to lie on the floor, and warned not to move for at least five minutes following the departure of the men.
Over defendant's objection, the People produced other witnesses who testified concerning robberies at the Rawlins, Wyoming Holiday Inn in November 1974 and at the Fort Collins University Motor Inn in October 1974. Wyoming police officers also testified with respect to items discovered in a search of defendant's automobile and reiterated the substance of statements made to them by defendant.

I
Defendant first contends that, inasmuch as his trial did not commence within the 120 day period prescribed by § 24-60-501(IV)(c), C.R.S.1973, the trial court erred in failing to dismiss the information. We disagree.
The trial court made extensive findings of fact relative to the motion to dismiss. Construing the purpose of the limitation period in the Agreement on Detainers to be that of assuring the defendant of a speedy disposition of the charges against him and the enhancement of his opportunity for rehabilitation, the court ruled that the statutory term could nevertheless be tolled by acts of defendant and his counsel. And, after a detailed review of the proceedings in the case, the trial court found that delays attributable to defendant, or delays for good cause acquiesced in by him should be excluded from computation of the limitation period. We perceive no error in the court's analysis.
By its terms, the Agreement contemplates exceptions to its period of limitation for necessary or reasonable continuances. Section 24-60-501(IV)(c), C.R.S.1973. A further mandatory tolling occurs when a prisoner is unable to stand trial. Section 24-60-501(VI)(a), C.R.S.1973. However, we do not interpret this letter exception to mean, as defendant argues, that only a prisoner's actual inability to stand trial can toll the statute. Defendant's authority in support of this proposition, see State v. Mason, 90 N.J.Super. 464, 218 A.2d 158 (1966), is not factually analogous, and we decline to follow the dicta in that case. Such a construction of the statute would be inconsistent with the clear language of its respective provisions.
Nor do we deem the rehabilitative purposes sought to be implemented by the Agreement, see § 24-60-501(I), C.R.S.1973, as sufficient to distinguish the rationale of the Act from the rationale underlying the speedy trial requirements contained in Crim.P. 48(b) and § 18-1-405(1), C.R.S.1973. To the contrary, we regard the judicial precedent construing those provisions as controlling. Therefore, we conclude that delays incurred with defendant's acquiescence or as an accommodation to him are not to be included as a factor in calculating the period of limitation under § 24-60-501, C.R.S.1973. See People v. Steele, Colo., 563 P.2d 6 (Announced April 18, 1977); People v. Flowers, Colo., 548 P.2d 918 (1976); Chambers v. District Court, 180 Colo. 241, 504 P.2d 340 (1972); and see generally ABA, Standards Relating to Speedy Trial § 2.3 (1968).
The record supports the findings of the trial court that various delays were consented to or requested by defendant, and that no delays were attributable solely to the prosecution. See Jaramillo v. District Court, 174 Colo. 561, 484 P.2d 1219 (1971). Accordingly, the trial court did not err in denying the motion to dismiss.

II
Defendant next asserts that the trial court erred in instructing the jury that the exclusive, unexplained possession of recently stolen property serves to create an inference that defendant stole such property and that such evidence is sufficient to justify a guilty verdict to a robbery charge. Defendant concedes that materially identical instructions have been approved for use in *1302 cases involving theft and burglary, see, e. g., People v. McLendon, 188 Colo. 140, 533 P.2d 923 (1975), but maintains that the instruction did not adequately state the law in this case. The contention is without merit.
An instruction which permits the jury to draw inferences from the unexplained possession of recently stolen property is proper in cases where robbery is charged, and the distinction attempted by defendant has specifically been rejected in this case. Cruz v. People, 147 Colo. 528, 364 P.2d 561 (1961).
We are not now reviewing the sufficiency of the evidence supporting the conviction and therefore do not regard Martinez v. People, 156 Colo. 380, 399 P.2d 415 (1965), as authority for defendant's argument that the instruction should have included a reference to "other evidence in the case," in the absence of which defendant could not be convicted. Defendant's proposed modification mis-states the applicable law. Cruz v. People, supra.

III
Conceding that proof of similar criminal transactions is admissible into evidence for the limited purpose of showing an accused's scheme, plan, intent or design, see People v. Ihme, 187 Colo. 48, 528 P.2d 380 (1974), defendant maintains that the trial court nevertheless erred in permitting testimony in this case concerning other robberies, even though the procedural safeguards of Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959) were observed. The ground of defendant's assigned error is that the other transactions were too dissimilar and too remote in time to be utilized even for a limited purpose. Again, we disagree.
All three robberies were perpetrated by a black man or men who were masked and armed with pistols, and each robbery occurred at a motel. In each instance, the motel employees were forced to lie on the floor during the course of the robbery and on two occasions, the employees were bound with adhesive tape. Items discovered in the search of defendant's automobile which were introduced into evidence tended to establish a relationship between defendant and the several crimes. Thus, we conclude that the transactions were sufficiently similar and interrelated to allow the admission of evidence of them on a limited basis and that the trial court did not abuse its discretion in so ruling. See People v. Ihme, supra.

IV
Defendant next contends that the trial court erred in denying his motion to suppress certain physical evidence obtained by a search of his vehicle and to suppress certain testimony by police officers relative to statements made by defendant. There was no error.
At approximately 6:20 A.M. on November 4, 1975, Laramie, Wyoming, police officers received a teletype communication informing them that an armed robbery had taken place at 5:30 A.M. at the Rawlins, Wyoming, Holiday Inn. The robbery suspects were described as black males, possibly driving a red Cadillac with Colorado license plates. Further details concerning the suspects' physical characteristics and clothing were contained in the report.
At 6:52 A.M. police officers observed a red Pontiac registered to defendant approaching Laramie from the direction of Rawlins. Shortly thereafter, defendant was detained by one officer, O'Malley at a restaurant on the outskirts of Laramie. O'Malley requested, and was given, defendant's permission to inspect the trunk of the vehicle, which inspection revealed a rifle and a set of Colorado license plates. O'Malley then inquired whether defendant was armed, and defendant replied that he was. At that point, defendant was arrested. The police subsequently obtained a warrant and searched the automobile.
Under the circumstances, we conclude that the evidence here was not obtained in violation of the defendant's constitutional rights. Officer O'Malley's detention of defendant was founded upon a reasonable suspicion and was reasonable in scope. See *1303 Stone v. People, 174 Colo. 504, 485 P.2d 495 (1971); People v. Gurule, 175 Colo. 512, 488 P.2d 889 (1971). The record demonstrates that O'Malley was acting on information deemed to be trustworthy, People v. Tangas, Colo., 545 P.2d 1047 (1976); and the similarities between the vehicle and the suspects described in the teletype and defendant's vehicle and his physical appearance, in conjunction with the undisputed fact that defendant could have traveled from Rawlins to Laramie within the established time frame, provided a legitimate basis for the initial confrontation. People v. Gurule, supra; see also People v. Casias, Colo., 563 P.2d 926 (Announced April 11, 1977).
The ensuing, search with defendant's consent, of the vehicle's trunk which resulted in the discovery of the rifle and the license plates, and defendant's own admission that he was armed, satisfied the standard of probable cause to arrest. See Gallegos v. People, 157 Colo. 173, 401 P.2d 613 (1965). Therefore, the trial court was correct in its determination that the evidence was not impermissibly tainted.

V
Defendant last maintains that, inasmuch as the prosecution failed to comply with defendant's motion for discovery, the trial court erred in refusing to strike the testimony of two prosecution witnesses. Defendant asserts that such evidence, which consisted of testimony by two police officers that defendant had admitted being present in Fort Collins on August 12, 1974, was so prejudicial in effect as to necessitate reversal. The trial court, however, found that although the substance of the testimony should have been disclosed, it was not unduly prejudicial to defendant, and we agree.
Defendant urges that, as the crux of his defense was the issue of identity, adequate knowledge of the impending testimony might have resulted in a "total reappraisal" of his trial strategy. But, as the trial court held, the existence of other evidence tending to identify defendant as the person who had committed the robbery rendered the testimony of the witnesses merely cumulative. It was within the discretion of the trial court to decline to impose any sanction, United States v. Ross, 511 F.2d 757 (5th Cir. 1975), and, absent a showing of prejudice, denial of defendant's motion does not constitute a valid ground of reversal. People v. Morgan, Colo., 539 P.2d 130 (1975).
The judgment is affirmed.
SMITH and VanCISE, JJ., concur.