## No. 24609

## Ricardo Mora v. The People of the State of Colorado
(496 P.2d 1045)

Decided May 15, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, T. Michael Dutton, Deputy, for plaintiff in error.

Jarvis Seccombe, District Attorney, Coleman Connolly, Deputy, Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Plaintiff in error, Ricardo Mora, was charged with possession of narcotic drugs in violation of C.R.S. 1963, 48-5-2. His motion to suppress was denied and, thereafter, he was found guilty and sentenced to the Colorado State Penitentiary. On writ of error, he contends that his conviction must be reversed, because it was based on evidence obtained as the result of a warrantless arrest which was not supported by probable cause. Our review of the facts leads us to conclude

that Mora was arrested illegally and that the evidence obtained subsequent to his arrest should have been suppressed. Accordingly, the judgment of conviction is reversed.

The record reflects the following sequence of events leading to Mora's arrest and conviction. Two police officers received a tip from an informant that Fred Vigil was driving a car containing stolen clothing. The informant stated that he had observed Vigil selling some of the clothing and that Vigil was taking the clothing "to 32nd and Tejon to be disposed of." Upon driving to that location, the officers observed Vigil sitting behind the wheel of his car. The car was parked at the curb near a liquor store. Moments later, Mora came out of the liquor store and got in Vigil's car, and Vigil and Mora drove off. A few blocks away, the officers stopped Vigil's car and observed, through an opening in the trunk, the clothes which the informant described. Both men were immediately arrested for investigation of burglary and receiving stolen goods. Thereafter, Vigil and Mora were taken to police headquarters. Upon arriving at police headquarters, Mora allegedly threw a matchbook containing a partially smoked marijuana cigarette onto the parking lot pavement. The marijuana cigarette provided the basis for Mora's conviction for possession of a narcotic drug.

■■■ The only issue in this case is whether the officers had probable cause to arrest Mora. The fact that they may have had probable cause to arrest Vigil is of no consequence. Since Mora was arrested without a warrant, the burden of proving the existence of probable cause was on the prosecution. *People v. Valdez,* 173 Colo. 410, 480 P.2d 574 (1971).

■ It is clear that probable cause for Mora's arrest cannot be predicated on the informant's tip. The information received by the police officers concerned only Vigil. There was no mention of other persons and no information was offered which would indicate that Mora was involved in any criminal activity. Indeed, there was no testimony that Mora was even known to the officers prior to the time of his arrest or that the officers had any derogatory information concerning Mora. *See People v. Feltch,* 174 Colo. 383, 483 P.2d

1335 (1971).

Nor was anything done after the officers arrived on the scene to justify Mora's arrest. The record is devoid of evidence to show that the officers observed any criminal activity on the part of Mora or that Mora was connected in any way with disposition of the allegedly stolen merchandise. Moreover, the record fails to reveal that Mora was even aware of the presence of the clothing which was found in the trunk of Vigil's car. *See People v. Nelson,* 172 Colo. 456, 474 P.2d 158 (1970).

The only fact linking Mora to either of the crimes for which he was arrested was his physical presence in Vigil's car. Mora's physical presence in the automobile, in and of itself, did not provide probable cause to arrest. *United States v. DiRe,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). As we stated in *People v. Feltch, supra:* "Guilt by association has never been an acceptable rationale and it does not constitute probable cause to arrest." *See generally, Gallegos v. People,* 157 Colo. 173, 401 P.2d 613 (1965); *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

Having arrested Mora illegally, the prosecution cannot now claim that the evidence obtained as a result of the arrest need not be suppressed because it was abandoned. *Rios v. United States,* 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960).

Judgment reversed and remanded with directions that the marijuana cigarette be suppressed and a new trial granted to the defendant.