The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Charles FIELDS, Defendant–Appellee.

No. 89SA233.

Supreme Court of Colorado.
En Banc.

Jan. 29, 1990.

Norman S. Early, Jr., Dist. Atty., and Nathan B. Coats and Everett Engstrom, Deputy Dist. Attys., Denver, for plaintiff-appellant.

· David F. Vela, Colorado State Public Defender, and Evans A. Garcia, Deputy State Public Defender, Denver, for defendant-appellee.

Justice VOLLACK delivered the Opinion of the Court.

The People appeal[1] the trial court's order suppressing evidence obtained by the police as a result of their warrantless arrest of the defendant. We affirm.

## I.

The parties do not dispute the facts. Defendant Charles Fields (the defendant) was paroled on November 23, 1988, with a mandatory parole discharge date of January 3, 1989. On November 25 and November 30, 1988, the defendant allegedly violated conditions of his parole by giving false information in violation of Denver Municipal Code § 38–40 (1982), and by failing to report to Parole Officer Kelly Messamore after being instructed to do so. On December 2, 1988, Officer Messamore entered information into the National Crime Information Computer System (NCIC)[2] indicating that an arrest warrant had been issued authorizing the arrest of the defendant for parole violations. At the time Officer Messamore entered the information into the computer she had not applied to the State Board of Parole (the parole board) for a warrant for the defendant's arrest. On December 5, 1988, Officer Messamore filed a parole complaint alleging that the defendant had violated two conditions of his parole. In the complaint Officer Messamore requested that the parole board issue a warrant for the defendant's arrest.[3] The parole board, however, never issued a warrant for the defendant's arrest. The record does not disclose why the parole board failed to issue a warrant for the defendant's arrest.

On January 4, 1989, one day after the defendant's parole discharge date, Denver police officers made a warrantless arrest of the defendant for parole violations. The Denver police acted on the inaccurate information entered into the NCIC computer system by Officer Messamore that an arrest warrant had been issued for the defendant for parole violations, and on an informant's tip that the defendant was staying in a Denver motel. In a search incident to the arrest the police discovered two rocks of crack cocaine. The police did not have probable cause to arrest the defendant for possession of the cocaine.

The People charged the defendant with class three felony distribution, manufacturing, dispensing, sale and possession of a controlled substance, § 18–18–105, 8B C.R.S. (Supp.1989). The People later amended the complaint by adding seven counts based on the defendant's previous convictions, and one count based on the Habitual Criminal Act, § 16–13–101 to –103, 8A C.R.S. (1986 & Supp.1989). The defendant moved to suppress the evidence obtained by the police in the search incident to the defendant's arrest. The defendant argued that the evidence seized by the police was the fruit of an illegal warrantless arrest. The People appeal the trial court order granting the defendant's motion to suppress the evidence.

## II.

Although Officer Messamore sent a complaint to the parole board requesting it to issue a warrant for the defendant's arrest, the parole board failed to issue the warrant. Because the parole board did not issue a warrant for the defendant's arrest the defendant's term of parole continued to run and expired on January 3, 1989. *See*

---

1. The People bring this appeal under C.A.R. 4.1(a), which provides that:

    The state may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion under Crim.P. 41(e) and (g) and Crim.P. 41.1(i) made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission; ....

2. The NCIC computer system provides police officers throughout the country with information about outstanding warrants.

3. The parole board is authorized to issue warrants by § 17–2–201(8), 8A C.R.S. (Supp.1989). Subsection 17–2–103(3)(b), 8A C.R.S. (1986), provides that:

    A parole officer may request that the board issue a warrant for the arrest of a parolee for violation of the conditions of his parole by filing a complaint with the board showing probable cause to believe that the parolee has violated a condition of his parole. Such warrant may be executed by any peace officer, as defined in section 18–1–901(3)(1), C.R.S.

§ 17–2–201(8), 8A C.R.S. (1986).[4] Therefore, on January 4, 1989, neither Officer Messamore nor any member of the Denver Police Department had any authority to arrest the defendant for a parole violation, because the defendant was no longer a "parolee" under subsection 17–2–103(1)(e), 8A C.R.S. (1986).[5] The People rely on the fellow officer rule and the good faith exception to the exclusionary rule to justify the defendant's warrantless arrest. We reject each of the People's arguments.

### A.

■ The fellow officer rule provides that "[a]n officer who does not personally possess sufficient information to constitute probable cause may nevertheless make a valid arrest if he acts upon the direction[,] or as a result of a communication from[,] a fellow officer, and the police, as a whole, possess sufficient information to constitute probable cause." *People v. Freeman*, 668 P.2d 1371, 1377 (Colo.1983). *See also Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). We have upheld convictions where an arresting officer, without probable cause, acted at the direction of a dispatcher, and the police as a whole possessed probable cause. *Freeman*, 668 P.2d at 1377–78; *People v. Baca*, 198 Colo. 399, 402, 600 P.2d 770, 771–72 (1979); *People v. Nanes*, 174 Colo. 294, 300–01, 483 P.2d 958, 962 (1971).

In *People v. Mitchell*, 678 P.2d 990, 993 (Colo.1984), we held that the fellow officer rule did not authorize the arrest of the defendant on a warrant that had been issued in error and was void from the date of its issuance. We noted that "there can be no doubt that *Whiteley* requires the suppression of evidence seized by the arresting officer 'if facts adding up to probable cause were not in the hands of the officer or agency which gave the order or made the request' " (quoting 1 W. LaFave, *Search and Seizure* § 3.5, at 623–24 (1978)). We concluded that "*Whiteley* applies with even stronger force to evidence seized as the result of an arrest based solely upon a warrant that is totally lacking in *any* factual support for its issuance." *Id.* (emphasis in original).

In this case Officer Messamore, who had probable cause at the time she entered the arrest warrant information into the NCIC computer, had no authority to arrest the defendant on January 4, 1989, because the defendant was no longer a parolee at that time. § 17–2–103(1)(e). The arresting officers had no information of other crimes constituting probable cause, independent of the inaccurate warrant report entered into the NCIC computer by Officer Messamore. Therefore, the fellow officer rule cannot authorize the defendant's arrest because Officer Messamore had no authority to make the arrest, and the arresting officers had no probable cause of their own to justify the defendant's arrest. *See Mitchell*, 678 P.2d at 993.

### B.

■ The People next argue that the evidence discovered by the arresting officers is admissible under the good faith exception to the exclusionary rule. Subsection 16–3–308(1), 8A C.R.S. (1986), provides that "[e]vidence which is otherwise admissible in a criminal proceeding shall not be suppressed by the trial court if the court determines that the evidence was seized by a peace officer, as defined in subsection 18–1–901(3)(1), C.R.S., as a result of a good faith mistake or a technical violation." "Good faith mistake" is defined in subsection 16–3–308(2)(a) as "a reasonable judgmental error concerning the existence of facts or law which if true would be sufficient to constitute probable cause." *See also United States v. Leon*, 468 U.S. 897,

---

**4.** This is the statutory provision which was in effect when the defendant was arrested. Subsection 17–2–201(8) provided that the issuance of a warrant tolls the expiration of a parolee's parole.

**5.** Subsection 17–2–103(1)(e) provides that any parole officer may arrest any parolee when he has probable cause to believe that the parolee has violated a condition of his parole. Officer Messamore therefore had probable cause to arrest the defendant and could have done so up until the discharge of his parole on January 3, 1989.

104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (recognizing good faith exception to fourth amendment exclusionary rule); *Massachusetts v. Sheppard,* 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984) (applying good faith exception to technical deficiency in warrant).

In *People v. Mitchell,* 678 P.2d at 992, we considered whether the statutory good faith exception applied to an arrest based on a warrant issued in error. We noted that "[i]n the case of an arrest warrant, the statutory definition of 'good faith mistake' is apparently intended to include reasonable judgmental errors of fact made by an officer in applying for or executing a warrant, or similar factual errors made by a court in issuing a warrant." *Id.* at 995 (citation omitted).[6] We stated that, "[v]iewed in this light, the statutory definition of 'good faith mistake' serves to make explicit what is already implicit in the federal exclusionary rule doctrine." *Id.* In *Mitchell* we held that the police officer's arrest of the defendant in reliance on the dispatcher's report of an outstanding war-

rant did not constitute a good faith mistake under section 16-3-308 because the warrant was issued in error and was not valid. *Id.* In this case the Denver officers had no authority to arrest the defendant for violating his parole. The parole board never issued a warrant for the defendant's arrest, and on the date of his arrest the defendant was not subject to arrest for committing a parole violation because he was no longer a parolee. Therefore, there is no factual or legal predicate to support the People's claim that the suppressed evidence was seized from the defendant as a result of a good faith mistake.

Affirmed.

ROVIRA, J., does not participate.

---

**6.** In 1985 the legislature amended § 16-3-308(2)(a) to include within the definition of "good faith mistake" "reasonable judgmental errors concerning the existence of facts *or law.*" 1985 Colo.Sess. Laws 615 (emphasis indicates amended language). We do not con-

sider this amendment to be dispositive because in this case the arresting officers had no authority on January 4 to arrest the defendant for parole violations, and the officers' lack of authority could not be cured by their own good faith mistake of fact or law.