**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Johnny L. LEWIS, Defendant–Appellee.**

### No. 89CA1236.

Colorado Court of Appeals,
Div. V.

March 14, 1991.

Rehearing Denied April 11, 1991.

Certiorari Denied July 29, 1991.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge PLANK.

The People appeal the trial court's order granting the motion of defendant, Johnny L. Lewis, to suppress evidence and his motion to dismiss the charges against him. We reverse the dismissal, vacate the order to suppress, and remand for further proceedings.

Testimony at the hearing on the motion to suppress revealed that a detective of the Denver Police Department received information from a confidential informant that he had observed the defendant at an apartment in the process of separating cocaine for the purpose of distributing it for sale. After confirming the reliability of the informant, the detective directed four police officers to set up surveillance of the apartment.

The officers were given a photograph of the defendant that the informant verified was the person he had seen at the apartment. The detective obtained other information about the defendant from Denver Police Department booking files. The detective also received information that a North Carolina warrant for the arrest of a John M. Lewis was outstanding.

Based on the North Carolina warrant, the officers conducting surveillance were instructed to arrest defendant, and they did so after he left the apartment building. A search warrant for the apartment and for the person of Johnny L. Lewis was obtained two hours after the arrest.

The trial court found that, because the prosecution stipulated that the North Carolina warrant was not for the defendant, and because the arresting officer had acted based upon the warrant for another person, the arrest was not valid. The trial court further concluded that the case does not fall within the good faith exception to the exclusionary rule. Accordingly, the court granted defendant's motion to suppress evidence, and it also granted his motion to dismiss the information.

## I.

The prosecution asserts the trial court erred in concluding that the good faith exception to the exclusionary rule could not be applicable here. We agree.

Section 16–3–308(1), C.R.S. (1986 Repl. Vol. 8A) provides that evidence shall not be suppressed by the trial court if the court determines that the evidence was seized by a peace officer as a result of a good faith mistake or a technical violation. Good faith mistake is defined as "a reasonable judgmental error concerning the existence of facts or law which if true would be sufficient to constitute probable cause." Section 16–3–308(2)(a), C.R.S. (1986 Repl. Vol. 8A).

Here, it is undisputed that the North Carolina warrant was not for the defendant, and the record shows that the arrest was based on that warrant.

Based on these facts, the trial court determined that the good faith exception defined in our statute cannot apply.

Citing *Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), the prosecution argues that even if the police arrest the wrong person, probable cause to arrest exists if they have done so in good

faith reliance on an outstanding arrest warrant. We agree that *Hill* presents issues that must be resolved here.

In the *Hill* decision, the Supreme Court upheld the validity of the arrest of a person other than the one described in a warrant that had been issued with probable cause. Since the arrestee matched the description set out in the warrant, the Supreme Court concluded the mistake was understandable and the arrest was a reasonable response to the situation facing the police at the time. The court noted that sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and that the officers' actions should be judged in accordance with the factual and practical considerations of everyday life on which reasonable and prudent persons, not legal technicians, act. As a general principle, the *Hill* court ruled that if the police have reasonable, articulable grounds to believe the suspect is the intended arrestee, and the arrest warrant, although for another person, is itself constitutionally valid, then the arrest of the suspect is valid.

Viewing the situation at issue in light of the *Hill* case, we conclude that the fact that the police arrest an individual other than the person identified on the warrant, in and of itself, does not preclude the application of the concept of "good faith mistake." Accordingly, we vacate the trial court's order and remand for it to determine whether the police made a "good faith mistake" as to whether the North Carolina warrant was for the defendant.

If so, then defendant's motion to suppress evidence should be denied. If not, then the trial court may again order the evidence suppressed, subject to the prosecution's right to appeal addressed below.

## II.

■ The prosecution maintains the trial court abused its discretion by dismissing the case, thereby depriving it of its right to an interlocutory appeal to the Colorado Supreme Court. We agree.

After the motion to suppress was granted, the prosecution indicated it was unable to proceed and asked for "ten days, to post a notice of appeal under a question of law, according to statute." The trial court then elicited a motion to dismiss from defense counsel and granted the motion. The trial court later denied a motion to reconsider the dismissal.

The prosecution may pursue an interlocutory appeal when a motion to suppress evidence is granted. Section 16–12–102(2), C.R.S. (1990 Cum.Supp.); C.A.R. 4.1. The interlocutory appeal provides an expedited means of review of a legal issue, while the charges remain in a pending status in the trial court.

Here, the notice of appeal was filed with the Colorado Supreme Court within ten days following the ruling on the motion to suppress. It is that court that has jurisdiction over such interlocutory appeals. This court, however, has initial jurisdiction over appeals by the People from final judgments in criminal cases. *See* C.A.R. 4.1. The supreme court ordered the appeal lodged with it transferred to this court, presumably because of the order of dismissal entered by the trial court.

We conclude the trial court erred by granting the motion to dismiss under these circumstances. By doing so, the prosecution was precluded from availing itself of the procedure which exists for the expedited appeal of orders granting motions to suppress.

The order of dismissal is reversed. The order granting the motion to suppress is vacated, and the cause is remanded for further proceedings consistent with the views expressed herein.

CRISWELL and REED, JJ., concur.