The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jose Antonio DIAZ, Defendant,

and Concerning Richard Decintio and
Amwest Surety Insurance Company,
Sureties–Appellants.

No. 92CA1568.

Colorado Court of Appeals,
Div. IV.

Oct. 7, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lee K. Rosenbaum & Associates, Lee K. Rosenbaum, Mark Menscher, Kent L. Freudenberg, Colorado Springs, for Sureties-appellants.

Opinion by Judge PLANK.

Sureties, Richard Decintio and Amwest Surety Insurance Company, appeal from the judgment of $5,000 entered against them on the forfeiture of the bail bond they posted for the release of defendant, Jose Antonio Diaz. We affirm.

Sureties premise their challenge to the trial court's refusal to exonerate them from liability on the bond on the contention that they were unable to effect the apprehension of the fugitive defendant upon finding him in Florida because of the failure of the District Attorney to have placed the arrest warrant information on the national crime computer system. We find no merit in this contention.

The record reveals that, on March 5, 1992, a bench warrant was issued for defendant's arrest upon his failure to appear for a court appearance set for that date. The trial court also then ordered the forfeiture of the bond and set a hearing date for sureties to show cause why judgment should not be entered against them on the forfeiture.

Sureties subsequently filed a motion and a supporting brief seeking exoneration

from liability on the bond. According to the allegations contained in that motion, sureties found the fugitive defendant at a location in Springhill, Florida, on March 16, 1992, but when they called the local Florida police with that information, they were unable to get them to arrest defendant at that time "because he was not on the N.C.I.C. computer," and defendant has since disappeared. So far as the record shows, defendant still remains a fugitive.

The trial court subsequently entered judgment against sureties on the forfeiture of the bond. In rejecting sureties' arguments for exoneration, the trial court ruled that "whether a warrant is put in a computer or not by law enforcement personel (sic) is a risk of the bond business" and that any failure to do so here was not grounds to relieve sureties from liability in this case. This appeal followed.

Initially, we note that the material factual allegations of sureties' motion are unsupported by any evidentiary items in the record, such as any affidavits or other documentary evidence, or any transcripts of any testimony at any of the show cause hearings. Nevertheless, even if we accept the allegations of sureties' motion as true for purposes of this appeal, we find no error in the trial court's rulings.

■ Regardless of any failure to have placed the arrest warrant information on the national crime computer system, the record discloses that the arrest warrant for defendant had been issued on March 5 and remained outstanding at the time sureties allegedly located the fugitive defendant in Florida. Moreover, it was the arrest warrant itself rather than any computer entry that authorized defendant's arrest as a fugitive. *See People v. Fields*, 785 P.2d 611 (Colo.1990) (national crime computer system entry alone insufficient for lawful arrest when no arrest warrant itself ever issued); *see also* § 16–3–102(1)(a), C.R.S. (1986 Repl.Vol. 8A) (authorizing arrests pursuant to arrest warrants).

■ Here, there is no indication in the record that copies of the arrest warrant itself were not available for sureties' use continuously since its issuance. Further, there is also no indication in the record why a copy of the arrest warrant itself or some other evidence of defendant's fugitive status would not also have been sufficient, by itself, or could not have been available for sureties to have obtained the assistance of the Florida police in arresting defendant.

In addition, we find no factual basis in the record to support sureties' assertions that the state had abandoned its case or that the state would not seek extradition if and when the fugitive defendant were to be arrested and taken into custody in another jurisdiction.

■ Moreover, we are not aware of any requirement in Colorado law that arrest warrants issued in this state must be placed on any national crime computer system. Contrary to sureties' argument, we find nothing in the provisions of § 16–21–101, et seq., C.R.S. (1993 Cum.Supp.) which mandates any such action.

Under these circumstances, there is no merit in sureties' claim that the lack of an entry on the national crime computer system made it impossible for them to perform their obligations on the bond. And, sureties' effort to place the blame upon the state for their failure to have effected the apprehension of the fugitive defendant in Florida is not convincing.

Thus, the trial court did not abuse its discretion in entering judgment against sureties on the forfeiture of the bond and in rejecting sureties' arguments for exoneration. *See* § 16–4–109(3), C.R.S. (1986 Repl.Vol. 8A) (authorizing setting aside forfeitures prior to judgment when "justice so requires"); *People v. Bustamante–Payan*, 856 P.2d 42 (Colo.App.1993) (discussing factors relevant to possible exoneration of surety under § 16–4–109(3)).

Sureties' remaining contentions are also without merit.

Judgment affirmed.

CRISWELL and RULAND, JJ., concur.