The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Sammie Lee WOODS, Defendant–Appellant.

No. 92CA1061.

Colorado Court of Appeals, Div. III.

May 19, 1994.

Rehearing Denied June 30, 1994.

Certiorari Denied Nov. 29, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, David M. Furman, Deputy State Public Defender, Julie M. Iskenderian, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TAUBMAN.

Defendant, Sammie Lee Woods, appeals the judgment of conviction entered on a jury verdict finding him guilty of one count of unlawful distribution, manufacturing, dispensing, sale, and possession of a controlled substance. Because we conclude the statutory good faith exception to the exclusionary rule does not apply when there is no probable cause for an arrest, we reverse and remand for further proceedings.

In November 1990, three Denver Police Department detectives executed an arrest warrant on defendant. The arrest warrant was issued shortly before the arrest by a magistrate on the basis of an affidavit prepared by one of the arresting officers. The information on which the warrant was based was fifteen months old and described two drug transactions in which defendant had, at that time, allegedly participated.

Immediately after defendant stopped his car, the detectives approached him and informed him that he was under arrest. In the car, the detectives found several packages of

crack cocaine. One of the detectives advised defendant of his *Miranda* rights. Defendant waived his rights, admitted that the cocaine was his, and claimed that he sold cocaine to support his family.

Prior to trial, defendant filed a motion to suppress evidence of the cocaine. After a hearing, the trial court denied the motion, finding that the arrest warrant was invalid, but because the arresting officers reasonably believed that they had a valid warrant, the good faith exception applied.

Defendant contends that this was error. Specifically, he argues, because the detectives did not have probable cause to arrest him, the statutory good faith exception to the exclusionary rule is inapplicable. We agree that if there is no probable cause to arrest defendant, this statute does not apply.

Section 16–3–308, C.R.S. (1986 Repl. Vol. 8A), the good faith exception to the exclusionary rule, states, in pertinent part, that "evidence which is otherwise admissible in a criminal proceeding shall not be suppressed by the trial court if the court determines that the evidence was seized ... as a result of a good faith mistake...." The statute defines "good faith mistake" as "a reasonable judgmental error concerning the existence of facts or law which if true would be sufficient to constitute probable cause." Section 16–3–308(2)(a), C.R.S. (1986 Repl. Vol. 8A).

Here, the People concede that the warrant was issued without probable cause, but assert that the trial court's finding of a good faith exception was appropriate. The People contend that the above-quoted 1985 amendment to § 16–3–308(2)(a) defining good faith mistake as including mistakes of law, as well as mistakes of fact, overturned the holding in *People v. Mitchell*, 678 P.2d 990 (Colo.1984). *See* Colo. Sess. Laws 1985, ch. 135, at 615. We disagree with this analysis. Instead, we conclude that the trial court erred as a matter of law when it applied the good faith exception to the exclusionary rule to the circumstances here.

Probable cause to make an arrest requires sufficient facts to establish that an offense has been committed and that a particular person committed the offense. Sec-tion 16–3–108, C.R.S. (1986 Repl. Vol. 8A); *People v. Foster*, 788 P.2d 825 (Colo.1990). If the totality of the circumstances demonstrates probable cause for the arrest, the arrest is legal and any evidence lawfully seized pursuant to that arrest is admissible. On the other hand, if probable cause does not exist, the arrest is unlawful and any evidence seized is not admissible, even though the officer entertained a good faith belief that the circumstances did constitute probable cause. *See People v. Foster, supra.*

In *People v. Mitchell, supra,* without addressing whether the good faith exception statute applies when there is an invalid arrest warrant, the supreme court, relying upon *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), affirmed the exclusion of evidence obtained following the issuance of an invalid arrest warrant because the mistake of fact there was insufficient to create a reasonable belief that probable cause existed. Further, in *People v. Fields,* 785 P.2d 611 (Colo.1990), the supreme court held that the circumstances surrounding a warrantless arrest did not constitute a good faith mistake under § 16–3–308. It expressly stated that: "[W]e do not consider this amendment [to § 16–3–308, adding mistakes of law] to be dispositive because ... the officers' lack of authority [to arrest the defendant] could not be cured by their own good faith mistake of fact or law." *People v. Fields, supra,* at 614 (fn. 6); *Cf. People v. Leftwich,* 869 P.2d 1260 (Colo.1994) (where an affidavit in support of a search warrant is insufficient to establish probable cause, the statutory good faith exception to the exclusionary rule does not permit evidence seized pursuant to that warrant to be admitted at trial).

In *People v. Fields, supra,* the supreme court discussed approvingly *People v. Mitchell, supra,* and *Whiteley v. Warden, supra,* thereby demonstrating the continued vitality of those cases to the applicability of the good faith exception statute. In that regard, we note that the *Mitchell* court considered *Whiteley* applicable where there is an infirmity inherent in the foundation of the warrant, such as an insufficient affidavit.

The *Mitchell* court also contrasted *Hill v. California,* 401 U.S. 797, 91 S.Ct. 1106, 28

L.Ed.2d 484 (1971), where the Supreme Court upheld the search of Hill's apartment as incident to a valid arrest because the officers reasonably believed another man to be Hill and probable cause existed for Hill's arrest. In that situation, the *Mitchell* court noted, the arrest warrant was constitutionally valid and the police, acting "in good faith" and with "reasonable articulable grounds to believe that the suspect is the intended arrestee," arrested the wrong individual. *See People v. Lewis,* 813 P.2d 813 (Colo.App. 1991) (good faith mistake of fact may apply when police arrest defendant on mistaken belief that he is person named on the arrest warrant).

▪ The thrust of these decisions is that § 16–3–308 applies only to the admissibility of evidence, not to the validity of an arrest, and thus, the good faith exception statute cannot serve to legitimize an otherwise unlawful arrest. Accordingly, we hold that the statutory good faith exception to the exclusionary rule does not apply when there is no probable cause for an arrest.

Because the issue framed by the parties is solely whether the good faith exception statute applies when an arrest warrant is not supported by probable cause, we do not consider whether, under the totality of the circumstances, there may have been probable cause for defendant's arrest. *See People v. Weston,* 869 P.2d 1293 (Colo.1994) (court declines to address validity of suppression order when issue not properly before the court).

Since the officers arrest warrant here concededly did not provide the officers with probable cause to arrest defendant, the trial court erred in invoking the good faith exception statute as the basis for denying the motion to suppress. Because of this disposition, we do not address the other issues raised by defendant.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

CRISWELL and DAVIDSON, JJ., concur.