**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**James E. SAINT–VELTRI,**
**Defendant–Appellant.**

No. 94CA0872.

Colorado Court of Appeals,
Div. I.

June 27, 1996.

Rehearing Denied Aug. 29, 1996.

Certiorari Granted April 14, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, James E. Saint–Veltri, appeals the judgment of conviction entered on a jury verdict finding him guilty of one count of possession of a controlled substance (co-caine). We reverse and remand for a new trial.

## I.

Defendant first contends that the trial court failed to advise him adequately concerning his decision whether to testify at trial. We agree.

A trial court must seek to assure that a defendant's waiver of the right to testify is voluntary, knowing, and intentional. *People v. Curtis*, 681 P.2d 504 (Colo.1984).

Further, in order to meet constitutional standards with respect to a defendant's decision concerning whether to testify, the court must advise the defendant, on the record:

> [t]hat he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility.... [T]he defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

*People v. Curtis, supra,* 681 P.2d at 514.

No precise litany must be followed in advising a defendant of his right to testify. However, the advisement must include all of the elements set out in *Curtis. People v. Milton,* 864 P.2d 1097 (Colo. 1993).

Because the prosecution bears the burden of establishing that a defendant's waiver of the fundamental right to testify was voluntary, knowing, and intentional, in reviewing the record, we must " 'indulge every reasonable presumption against waiver.' " *People v. Milton, supra,* 864 P.2d at 1099. If the record discloses an inadequate *Curtis* advisement, defendant is not required to prove prejudice, and reversal is generally mandatory. *People v. Milton, supra.*

Further, unlike the defendant in *People v. Montoya,* 928 P.2d 781 (Colo.App.

1996), defendant here had sustained two previous felony convictions, so that the lack of adequate advice upon the subject must be presumed to have been prejudicial.

■ Here, while defendant was advised upon most of the *Curtis* elements, he was not advised that, should he testify, the jury would be allowed to consider evidence of any prior convictions only for impeachment of his credibility. Such omission was reversible error. *People v. Milton, supra.*

## II.

Because the trial court's suppression ruling will control the admissibility of evidence upon retrial, we also address defendant's argument that the trial court erred by denying his motion to suppress statements and evidence obtained as the result of an allegedly unlawful arrest. We perceive no error.

On July 27, 1993, defendant failed to appear for a preliminary hearing in another felony case. The county court bound the case over to the district court and issued a bench warrant for defendant's arrest.

On July 30, 1993, defendant appeared in the county court with his attorney. Because defendant's case had been bound over to the district court, the court file had been transferred to the district court clerk's office. Defendant and his attorney retrieved the court file from the district court clerk's office and took the file before a county court judge. That judge entered an order directing that the warrant be vacated. Defendant's attorney then returned the file to the district court clerk's office and informed an employee of the district court clerk's office of the county court's actions.

On August 2, 1993, a police detective who had been present for the July 27, 1993, preliminary hearing appeared at the district court clerk's office to obtain a copy of the warrant for defendant's arrest. The detective was unaware of defendant's July 30, 1993, appearance before the county court. The clerk's office employee who assisted the detective overlooked the July 30, 1993, minute order of the county court judge because it was written in hand on the back of the record of proceedings. The clerk's office employee prepared a certified warrant for defendant's arrest and provided it to the detective.

Based on the July 30, 1993, minute order of the county court on August 3, 1993, the district court entered an order vacating the warrant. Later that same day, the detective arrested defendant based on the warrant for his arrest that had been obtained the previous day. There is no evidence in the record indicating that the district court's order vacating the arrest warrant had been transmitted to the police department so that it would have been accessible to the detective by computer.

In the course of arresting defendant, the detective discovered the cocaine forming the basis for the charges in this case. Defendant moved to suppress this evidence, as well as certain incriminating statements he had made during the course of the arrest. The district court denied defendant's motion, concluding that the officer's actions were within the statutory good-faith exception to the exclusionary rule.

Neither party has raised the issue whether the county court retained jurisdiction to enter an order vacating the warrant for defendant's arrest after its entry of an order binding the case over to the district court. *See* § 16–5–301, C.R.S. (1995 Cum. Supp.); Crim. P. 5(a)(4)(III). *See also Hylton v. Colorado Springs*, 32 Colo.App. 9, 505 P.2d 26 (1973) (normally, trial court loses jurisdiction over cause once appeal is perfected). However, that question is irrelevant here, because the district court entered its order vacating the warrant before defendant was arrested.

■ After the district court's ruling, the United States Supreme Court, relying on its previous opinion in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (establishing good faith exception to exclusionary rule when search is conducted pursuant to reasonable reliance upon court-issued search warrant), ruled on this precise issue in *Arizona v. Evans*, 514 U.S. ——, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995). In *Evans*, the Supreme Court held that the exclusionary rule does not require the suppression of

evidence obtained in connection with an arrest in which the arresting officer has relied on erroneous arrest warrant information caused by the clerical error of a court employee.

■ In its opinion in *Evans,* the Supreme Court re-emphasized that the exclusionary rule is not required by the Fourth Amendment itself, but is a court-adopted rule designed to achieve the purposes of that amendment by deterring improper police action. Hence, not every violation of the Fourth Amendment will justify suppressing the evidence seized. If the exclusionary rule's purpose of deterring improper action will not be served, there is no reason to apply that rule. *See United States v. Leon, supra.*

### A.

First, defendant relies on the dissenting Justices' opinions in *Evans* and suggests that we adopt their reasoning by interpreting the protections of Colo. Const., Art. II, § 7 more broadly than the United States Supreme Court has interpreted the corollary provisions of the Fourth Amendment. In particular, defendant urges us to accept Justice Stevens' view that the exclusionary rule applies to illegal arrests caused by the actions of any governmental employee, not only those attributable to the actions of police officers. *See Arizona v. Evans, supra* (Stevens, J., dissenting).

However, the principle that any unlawful arrest caused by a mistake by a governmental employee justifies the exclusion of the evidence seized during that arrest has been rejected both by the United States Supreme Court, *Hill v. California,* 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971) (search conducted pursuant to arrest of person as a result of good faith mistake in identity of person arrested), and by a division of this court, *People v. Lewis,* 813 P.2d 813, 815 (Colo.App.1991) ("[W]e conclude that the fact that the police arrest an individual other than the person identified on the warrant, in and of itself, does not preclude the application of the concept of 'good faith mistake.' ").

Further, and quite aside from this former precedent, we find the reasoning of the *Ev-*

*ans'* majority to be more persuasive than that of the dissent, and therefore, we decline to interpret the Colorado Constitution differently.

### B.

Next, defendant argues that, notwithstanding *Evans,* the evidence is inadmissible under Colorado's statutory good-faith exception to the exclusionary rule, § 16–3–308, C.R.S. (1986 Repl. Vol. 8A). In support of his argument, defendant contends that decisions interpreting this section demonstrate that it restricts the good-faith exception to a narrower application than exists under *Evans.* We disagree.

■ The statutory good-faith exception to the exclusionary rule provides that evidence should not be suppressed in a criminal proceeding if it was obtained because of a peace officer's "good faith mistake," which is defined as "a reasonable judgmental error concerning the existence of facts or law which if true would be sufficient to constitute probable cause." Section 16–3–308(2)(a), C.R.S. (1986 Repl. Vol. 8A).

Certainly, if it chose to do so, the Colorado General Assembly could restrict the good-faith exception to the exclusionary rule beyond the limits established by the United States Supreme Court, so as to exclude evidence that federal jurisprudence would admit. However, we find no support for the assertion that Colorado's present statute does so.

Section 16–3–308(2)(a) was adopted in 1981. Colo. Sess. Laws 1981, ch. 188 at 922. At that time, the United States Supreme Court had not yet decided *United States v. Leon, supra,* in which the court described in detail the good-faith exception to the exclusionary rule. It had, however, issued its opinion in *Hill v. California, supra,* some 13 years earlier. And, that opinion, in which all participating justices concurred, had upheld the admission of evidence seized in conjunction with the warrantless arrest of a person resulting from the mis-identification of the individual. Hence, to the extent that the Supreme Court had recognized a good-faith exception to the exclusionary rule at the time

of the statute's adoption, that exception had been applied only in the case of an improper arrest. Given the circumstances existing at the time of the statute's adoption, therefore, it would appear that it was intended to apply to evidence seized during the course of an arrest.

Nor can either *People v. Mitchell,* 678 P.2d 990 (Colo.1984) or *People v. Fields,* 785 P.2d 611 (Colo.1990) be read as suggesting that the Colorado statute does not apply to such searches.

In *Mitchell,* as in *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), upon which the court relied, there was no probable cause for the issuance of the warrant for arrest. The court concluded that the statute could not justify the admission of evidence seized incident to an arrest "based on a warrant void from its inception due to the absence of any cause whatever for its issuance." *People v. Mitchell, supra,* 678 P.2d at 992. It noted, in contrast, that in *Hill v. California, supra,* there was probable cause for the arrest of one individual, albeit not for the one arrested. Finally, it observed that no evidence had been presented to explain the circumstances under which the warrant had issued, and therefore, it left open the possibility that the statutory exception might apply if the warrant had "issued as the result of some reasonable judgmental error concerning the existence of facts which if true would have constituted probable cause to arrest the defendant." *People v. Mitchell, supra,* 678 P.2d at 995.

At the time *Mitchell* was decided, *United States v. Leon, supra,* had not yet been announced. Anticipating *Leon,* the court in *Mitchell* explained the relationship between the statutory good-faith exception and federal precedent: "[T]he statutory definition of 'good faith mistake' serves to make explicit what is already implicit in federal exclusionary rule doctrine." *People v. Mitchell, supra,* 678 P.2d at 995.

In *People v. Fields, supra,* the court held that the statutory good-faith exception would not be applied where no warrant for the defendant's arrest for alleged parole violations had been issued, and at the time of his arrest, the officer had no authority to arrest him because he was no longer in a "parolee" status. Nevertheless, it reiterated *Mitchell's* conclusion that: *"In case of an arrest warrant,* the statutory definition of 'good faith mistake' is apparently intended to include reasonable judgmental errors of fact made by an officer in applying for or executing a warrant, or similar factual errors made *by a court* in issuing a warrant." *People v. Fields,* 785 P.2d at 614 (emphasis supplied).

More recently, in *People v. Foster,* 788 P.2d 825 (Colo.1990), the supreme court considered whether the statutory good-faith exception was to be applied to evidence seized incident to an arrest which was based upon faulty information contained in the police computer. The court did not suggest that the statute was not generally applicable to such arrests, but it concluded that the facts relied upon by the arresting officer there, even if true, were insufficient to provide probable cause for the arrest. Hence, the evidence there did not establish the type of mistake required by the statute to exist.

Finally, we recognize that, in *People v. Woods,* 885 P.2d 287 (Colo.App.1994), the division seemed to say that, absent probable cause for an arrest, § 16–3–308 can never be relied upon for the admission of evidence seized as an incident to such arrest. Arguably, that conclusion is inconsistent with the analysis employed in *Foster* and in *People v. Lewis, supra,* in which the court considered whether the facts established a good-faith mistake under the statute. However, the facts in *Woods* demonstrated that the officer could not have had a good-faith belief that the warrant there was supported by probable cause, in any event. *See People v. Leftwich,* 869 P.2d 1260 (Colo.1994) (if facts in affidavit in support of search warrant are insufficient for reasonable officer to believe that probable cause exists for search, good-faith exception cannot be applied). Finally, all of the foregoing opinions were announced before *Arizona v. Evans, supra,* was decided. Given our supreme court's repeated admonitions that § 16–3–308 was intended to incorporate the federal exception to the exclusionary rule, we conclude that both prior federal precedent and our statute support the trial court's order admitting the evidence at issue here.

The judgment is reversed, and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

METZGER and ROTHENBERG, JJ., concur.