2014 COA 180

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Selbin F. CRUZ–VELASQUEZ, Defendant,**

and

**Concerning Rueben Anthony Vargas, Surety–Appellant.**

**Court of Appeals No. 14CA0081**

Colorado Court of Appeals, Div. I.

Announced December 31, 2014

City and County of Denver District Court No. 13CR3276, Honorable William D. Robbins, Judge

John W. Suthers, Attorney General, Katherine A. Hansen, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Rueben Anthony Vargas, Pro Se

Opinion by JUDGE RICHMAN

¶ 1 Surety, Rueben Anthony Vargas, appeals the district court's denial of his request for exoneration from bond liability. We affirm.

¶ 2 Surety, a bonding agent, posted a $10,000 appearance bond on behalf of a criminal defendant, Selbin F. Cruz–Velasquez, who failed to appear as required at a hearing. Surety received a notice of bail forfeiture stating that the bond would be forfeited and that he had a right to request a show-cause hearing. *See* § 16–4–114, C.R.S.2014. Nonetheless, surety did not request a hearing, and the court ordered the bond forfeited.

¶ 3 Surety then filed a "Motion Seeking Exoneration of Bond Liability" and a "Motion Seeking Reconsideration of Bond Exoneration Liability Denial, or a Hearing into the Argument," both of which the court summarily denied. Through counsel, surety then filed a "Motion to Vacate Denial of Motion Seeking Reconsideration of Bond Exoneration Liability Denial, or a Hearing into the Argument." The court denied the motion in a written order. This appeal followed.

¶ 4 We review for an abuse of discretion a trial court's decision on whether to set aside a bond forfeiture judgment. *See People v. Escalera,* 121 P.3d 306, 308 (Colo.App.2005), *superseded by* statute on other grounds as stated in People v. Chavarria–Sanchez, 207 P.3d 902 (Colo.App.2009).

¶ 5 Where, as here, a surety receives a notice of forfeiture but fails to request a show-cause hearing, "[u]pon expiration of thirty-five days after the entry of forfeiture, the court shall enter judgment for the state against the compensated surety." § 16–4–114(5)(b)(III). However, "[t]he court may order that a bail forfeiture judgment be vacated and set aside ... if it appears that justice so requires." § 16–4–114(5)(h). This standard is essentially an appeal to the con-

science of the court; no definitive rule can be set down that will guide the trial court in every instance because the court must consider the totality of facts and circumstances in each individual case. *Escalera,* 121 P.3d at 308.

¶ 6 Surety argues that the district court abused its discretion by denying bond exoneration in this case. We are not persuaded.

¶ 7 As a threshold matter, surety's contention that justice requires setting aside the forfeiture judgment in this case is substantially, if not wholly, undermined by his failure to request a show-cause hearing within fourteen days of receiving the notice of forfeiture, which he makes no attempt to explain. *See* § 16–4–114(5)(b)(III); *Chavarria–Sanchez,* 207 P.3d at 905 ("To seek discretionary relief from forfeiture, compensated sureties must request a show-cause hearing...."). Had he requested a hearing, he would have had the opportunity to present evidence in support of the assertions he makes on appeal. Cf. *People v. Bustamante–Payan,* 856 P.2d 42, 43 (Colo. App.1993). However, we need not determine this case based solely on surety's failure to request a hearing because we determine that his arguments are supported by neither facts nor law.

¶ 8 Surety has not established a factual basis for his contention that jail personnel failed to comply with section 16–3–503, C.R.S.2014. Subsection (1)(a) of that statute provides, in relevant part:

When a law enforcement agency holding a defendant charged with a felony or a class 1 or class 2 misdemeanor determines that, *based on investigation,* including consideration of the defendant's inability to produce one of the identifying documents listed in subsection (3) of this section, *there is probable cause* to find that *the defendant is likely illegally present in the United States,* the law enforcement agency shall notify the defendant's bail bonding agent in writing before the bond is posted.

(Emphasis added.) Subsection (3) of the statute provides an inclusive list of identifying documents.

¶ 9 Surety has not made any showing that a law enforcement agency investigated the defendant's immigration status or determined that there was probable cause to believe that he was illegally in the country. Indeed, surety asserts that he is entitled to relief because jail personnel never determined, or even attempted to ascertain, whether the defendant was in the United States legally.

¶ 10 Surety does not point to anything in the record which establishes that the defendant was, in fact, illegally in the country. The defendant's possession of a Honduran identification card and the absence of a document listed under subsection (3) in his case file, even if reflected in the record, would not establish that the defendant did not produce any other identifying documents, that the defendant was illegally in the United States, or that a law enforcement agency had made a probable cause determination as to his immigration status. Similarly, the bond indemnitor's purported statement that he "thought [the defendant] fled to Honduras, his home country" does not establish that the defendant was illegally in the country at the time of his arrest.

¶ 11 Thus, there is no factual basis in the record to support surety's assertions that subsection 16–3–503(1)(a) applies under these circumstances and that law enforcement officials failed to comply with the requirements of the statute. *See People v. Diaz,* 862 P.2d 1031, 1032 (Colo.App.1993) ("[T]he material factual allegations of sureties' motion are unsupported by any evidentiary items in the record.").

¶ 12 Moreover, we reject surety's contention that subsection 16–3503(1)(a) *requires* jail personnel to investigate the immigration status of every defendant who is charged with a felony or a class 1 or 2 misdemeanor, or to make a probable cause determination as to whether he or she is illegally in the country. Rather, in this case of first impression, we read the statute as requiring only that *if* a law enforcement agency has made such a determination, it must inform the bonding agent before a bond is posted. *See id.* Surety does not argue that is what happened here.

¶ 13 Surety's reliance on subsection 16–3–503(1)(c) also is misplaced. This subsection applies when "it is determined that a defendant is illegally present in the country after an appearance bond is posted...." *Id.* Again, no such determination has been made in this case. *Cf. Escalera,* 121 P.3d at 308 (exoneration appropriate after the defendant's deportation).

¶ 14 The order is affirmed.

TAUBMAN and TERRY, JJ., concur